## Case No. 6,629.

### HOLMEAD v. MADDOX.

[2 Cranch, C. C. 161.] [1]

Circuit Court, District of Columbia. Dec. Term, 1818.

COVENANT—DEFENCE—CONTRA BONOS MORES.

The owner of a race-field, who knowingly lets it for the purpose of public races, and for booths and stands for the accommodation of licentious and disorderly persons for the purposes of unlawful gambling and of gross immorality and debauchery. to the corruption of morals and manners. cannot recover the rent in an action of covenant.

[This was an action at law by John Holmead against John Maddox.]

Covenant for non-payment of $400, being the balance due for a year's rent of a race-field, upon an agreement under seal. dated January 17, 1817, at $700 a year, for five years. In the agreement it is called "The Washington City Race-field," and included "stables and sheds for the purpose of training race-horses in, for the spring and fall races, and also for match races."

Mr. Jones. for defendant, prayed the court to instruct the jury, that if they "should find, from the evidence, that before the execution of the lease. the said race-course, when used as such, was a notorious resort for large assemblages of licentious and disorderly persons for the purposes of unlawful gambling and of gross immorality and debauchery;" and that the plaintiff, at the time of making the said lease, knew that such practices were the ordinary concomitants of a race-course,

when used as such, and especially of the race-course in question, and had reasonable ground to believe that the defendant intended to rent out booths and stands thereupon, to which such licentious, disorderly, and gambling persons would naturally resort, and for their accommodation; and that the said race-course, long before the said demise, and ever since, when used as a race-course, has been an offence and scandal to all moral and sober persons, and notoriously tended to the corruption of morals and manners, and that the plaintiff had reasonable ground to conclude that it would be so continued, and that, in fact, it has so continued under the said lease, then he is not entitled to recover in this action.

Mr. Key, contra, contended that racing, in itself, is not unlawful, and that the defendant might have prevented all the evils attending it, and prevented it from becoming a nuisance. It was his own fault, not the plaintiff's.

But THE COURT (THRUSTON, Circuit Judge, absent) gave the instruction prayed by Mr. Jones.

Verdict for defendant.