## LAWRENCE J. RILEY *vs.* EBEN D. JORDAN & others.

Suffolk. Nov. 23, 1876. — Mar. 7, 1877. AMES & ENDICOTT, JJ., absent.

A. made a lease of certain premises until June 1, 1878, to B. and C., partners, the rent of which was payable on the first of every month. In a settlement of the partnership, B. assigned his interest in the lease to C., on consideration that C. should pay him a certain sum on the first of every month until June 1, 1878, secured by a guaranty, the consideration of which was recited to be the assignment by B. *Held*, in an action on the guaranty, that, upon evidence that A. made the lease upon the agreement that the premises were to be put to an unlawful use, that they were so used during the occupancy of B. and C. and at the time of the assignment, the jury would be warranted in finding that such illegal use was to continue after the assignment.

CONTRACT on the following guaranty :

" Whereas Lawrence J. Riley, of the city of Boston, has upon the faith of this guaranty assigned to George Thompson, of said Boston, all his interest, right and title in a lease, which lease was recorded with Suffolk Registry of Deeds, liber 897, fol. 233. And whereas, in consideration of said assignment, said Thompson has agreed to pay monthly in advance, each and every month from August 1st, 1872, until June 1st, 1878, to said Riley, the sum of one hundred and sixteen $\frac{67}{100}$ dollars, and also agreed to pay all the rent and taxes in said lease reserved, and has agreed to perform all the undertakings and covenants in said lease and in a guaranty thereto annexed, said guaranty being signed by the firm of Thompson and Riley. Now, in consideration of the sum of one dollar to us paid by said Riley, receipt whereof is hereby acknowledged, we hereby guaranty to said Riley the prompt payment of each of the above sums at the times aforesaid, and the performance of all the undertakings and agreements by said Thompson, hereby waiving all demand upon said Thompson and all notice to us for non-payment.

" Witness our hands and seals this the 12th day of July, A. D 1872. Jordan, Marsh & Co. [Seal.]"

At the trial in the Superior Court, before *Pitman*, J., it appeared that the plaintiff and one George Thompson were partners prior to May 20, 1872, occupying a store on Washington Street, Boston, of which they had the lease referred to in the guaranty; that they then dissolved partnership, and on July 12, 1872, completed their settlement; that the guaranty declared on was then executed by the defendants and delivered to the plaintiff as a part of the settlement; and that the following agreement, referred to in the guaranty and annexed to the lease, was executed at the same time:

" In consideration of the payment to me of $116.67 per month (which payment is to be guaranteed by a satisfactory guarantor) during the continuance of the unexpired term of the lease of the stores No. 419, 421 and 423 on Washington Street, I hereby agree to assign said lease absolutely to Geo. Thompson, he to take upon himself all my covenants and undertakings therein mentioned, and also to assign to me absolutely, without any additional payment, the lease of the premises numbered 43 on Tremont St. now occupied by Lawrence J. Riley and Co., said payment of $116.67 to be secured within two days from date hereof, and said lease to be then assigned.

" I the said George Thompson agree to comply with the above conditions, and make and accept said assignment.

" Witness our hands and seals this 12 day of July, 1872.

" Lawrence J. Riley & Co. [Seal.]

" George Thompson & Co. [Seal.]"

It was admitted that the plaintiff had demanded of Thompson, and thereafter of the defendants, the sum stipulated in the guaranty to be paid each month, for the several months of June, July and August, 1873, and that payment had been refused.

The defendant introduced in evidence the original lease of the premises to Thompson and the plaintiff, from Francis B. Hayes, for the term of ten years, dated April 18, 1867, the rent of which was payable upon the first of each and every month. Hayes testified that the building was destroyed by fire on May 30, 1873, that he elected to determine the tenancy the next day, and at once notified Thompson of his election, and the plaintiff a few days after.

The defendants then offered to show that, at and before the time of the assignment and transfer of the plaintiff's interest in the lease to Thompson, a portion of the premises was occupied by under-tenants of Thompson and Riley, for the illegal sale of intoxicating liquors, and was let by them to the tenants for that purpose; that the under-tenants were tenants of Hayes at the time of the lease to Thompson and Riley; that the unlawful use of the premises as aforesaid was known to Hayes, but that, nevertheless, it was one of the conditions of his letting to Thompson and Riley that they should accept the tenants as their own. The judge ruled that, if all these matters were proved, it would not render the lease a nullity, and that the assignment of the plaintiff's interest therein was a valuable and sufficient consideration to support the agreement and guaranty.

The judge thereupon ruled that, the execution of the guaranty being proved and the default admitted, there was no question for the jury, directed a verdict for the plaintiff, and reported the case for the determination of this court.

If the ruling was incorrect, the verdict was to be set aside; otherwise, judgment was to be entered thereon.

*C. F. Donnelly*, for the defendants.

*E. Avery*, for the plaintiff.

LORD, J. When a contract between parties is tainted with illegality, the law will not lend its aid to either party for the enforcement of such contract. Nor is it necessary that the illegality shall be apparent upon the face of the contract. Ordinarily, when parties enter into such a contract, it is done in such manner as, in form, to conceal the illegality. In the present case, although the lease from Hayes to Thompson & Riley was legal in form, and contained no stipulation that the estate was to be used for an unlawful purpose, yet if, by the agreement and understanding of the parties, the use was to be an unlawful use, no action could have been maintained upon it. It appears that, subsequently to the lease by Hayes, Riley, one of the lessees under Hayes, assigned his interest in the lease to Thompson, the other lessee, and, as a part of the settlement between the partners, the guaranty declared on was executed and delivered. One of the terms of the settlement was the assignment of Riley's interest in the lease to Thompson, and the consideration of the

guaranty is recited to be such assignment. The defendants do not offer in terms to prove that, at the time of the assignment by Riley to Thompson, it was agreed between the parties that the estate should be used for an illegal purpose. We think, however, the evidence offered was competent, and that the jury would be warranted in the inference that the use of the estate was to be the same as it had previously been. The evidence offered was that the original lease was made upon the agreement that the estate was to be put to an unlawful use; that, in pursuance thereof, the estate was thus unlawfully used during the whole time that Thompson & Riley occupied it; that it was thus used at the time of the assignment, and, in the absence of all other testimony, we think that offered by the defendants was competent, as tending to prove that the parties to the settlement understood that the use was to continue the same that it had been. It does not appear, from the whole case, that the sole consideration, for the promise of Thompson to pay monthly to the plaintiff in advance the sum of $116.67 during a time exactly corresponding with the time the lease had to run, was the assignment of his interest in the lease by Riley to him, but it does appear that such assignment entered into the consideration. It is, however, a significant fact that the assignment of that lease is the only consideration named in the defendants' guaranty, as it is also significant that the monthly payment of $116.67 is to be made at the same times that the rent is to be paid, and up to June 1, 1878, the time at which the lease terminated. The question is not whether the lease was or would in any event become a nullity. It was rather this: Was the arrangement between Thompson and Riley one by which Thompson was to derive gain from an illegal business, out of which, or in consequence of which, he was to pay Riley a certain sum of money. If such was the arrangement, it was tainted with illegality, and the contract could not be enforced against him, and, of course, if not against him, it could not be enforced against one who has merely guaranteed that Thompson shall perform his contract. Our decision is, not that the evidence tendered proved a defence, but that the court cannot, as matter of law, say that the jury would not be authorized, upon such evidence and such inferences as they may legally draw from it, to find the

transaction between Thompson and Riley tainted with illegality. As the case was presented, the plaintiff was not called upon to reply to the evidence offered, and it may be that he is able to show such a state of facts as will preclude the inference that there was any illegality in the transaction between him and Thompson. We are therefore of opinion that the verdict must be set aside and a                         *New trial ordered.*