WILLIAM C. MOUND vs. CHARLES E. BARKER.

January Term, 1899.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, THOMPSON and
WATSON, JJ.

Opinion filed February 11, 1899.

*Bond Given to Further an Illegal Purpose.*—The law will not enforce the
payment of rent upon a hotel leased with the understanding and
expectation on the part of both landlord and tenant that intoxicating
liquors are to be sold upon the premises contrary to law, if they are
thus sold, nor will it enforce a bond given by a third party to secure the
payment of the rent.

DEBT ON A BOND. Special plea and notice. Trial by
court, at the March term, 1898, Rutland county, *Start*, J.,
presiding. *Pro-forma* judgment for the defendant to recover
his costs. The plaintiff excepted.

The defendant offered to show by parol evidence that at
the time the lease and bond were executed the plaintiff and
the lessees understood and expected that intoxicating
liquors would be sold in the hotel leased, in violation of
law, by the lessees, and that such liquors were sold therein
with the knowledge of the plaintiff. The plaintiff objected
to this evidence as contradicting and varying the written
lease. The objection was overruled and the evidence
received ,and the plaintiff excepted.

*Joel C. Baker* for the plaintiff.

Although the plaintiff knew that the lessees intended to
sell intoxicating liquor upon the premises contrary to law,
that intent did not enter into the agreement, and so long
as the plaintiff did nothing in furtherance of that purpose it
does not vitiate the contract. *Kreiss* v. *Seligman*, 8 Barb.
439; *Carrigan* v. *Lycoming Fire Insurance Co.*, 53 Vt. 423;
*Bryson* v. *Haley*, 38 Atl. 1006.

*Butler & Moloney* and *F. S. Platt* for the defendant.

ROWELL, J. When an agreement, innocent in itself, is designed by one of the parties to further a purpose forbidden by the law or opposed to its policy, courts will not enforce it in favor of such party nor in favor of the other party if he is implicated in such design. Thus, when property is leased with knowledge on the part of the lessor that the lessee intends to use it for an illegal or an immoral purpose and does so use it, the rent therefor cannot be recovered. *Sherman* v. *Wilder*, 106 Mass. 537; *Riley* v. *Jordan*, 122 Mass. 231; *Ernst* v. *Crosby*, 140 N. Y. 364; 2 Taylor, Land. & Ten., 8th Ed., § 521; *Jennings* v. *Throgmorton*, Ry. & M. 251—21 E. C. L. 744; *Smith* v. *White*, L. R. 1 Eq. Cas. 625.

*Carrigan* v. *The Lycomin Fire Ins. Co.* 53 Vt. 418, is not opposed to this, for there the liquors were legitimately used in the plaintiff's drug business, though occasionally sold in violation of law, and no illegal design entered into the making of the policy.

The bond in suit was given by the defendant as surety for the lessees of a hotel, conditioned for the payment by them of the rent reserved, and was executed at the same time as the lease. The lease was innocent, in itself, but at the time of its execution and delivery, both the plaintiff, who is the lessor, and the lessees understood and expected that the hotel would be used, not only for the entertainment of guests, but that intoxicating liquor would be sold therein in violation of law; and it was so sold, to the knowledge of the plaintiff. Therefore if this suit was upon the lease itself, it could not be maintained. It can be maintained no better on the bond, for when the foundation fails, all goes to the ground. *Riley* v. *Jordan*, 122 Mass. 231.

*Judgment affirmed.*