FRANK HEART *v.* EAST TENNESSEE BREWING COMPANY.

(*Knoxville.*    September Term, 1908.)

1. **CONTRACTS.** Contrary to law, morality, and public policy are void.

It is a principle of general application that all contracts which provide for doing a thing which is contrary to law, morality, and public policy are void.   (*Post, p.* 71.)

Cases cited and approved: Yerger v. Rains, 4 Humph., 259; Wetmore v. Brien, 3 Head, 723; Rhodes v. Summerhill, 4 Heisk., 205; Henderson v. Waggoner, 2 Lea, 134.

2. **SAME.** Same. Lease of a house for a business subsequently made unlawful by statute is thereby terminated.

Where a house is leased to be used for a saloon or place for the sale of intoxicating liquors, as expressed in the contract, which was a lawful business at that place when the contract was made, but which was subsequently made unlawful at such place by statute, the lease contract was thereby terminated, and upon the lessee's refusal to further occupy and use the house or to pay rent for the remainder of the term, the landlord could not maintain an action to recover the rent accruing under the terms of the lease subsequent to such time.

Acts cited and construed:  Acts 1907, chs. 17, 206, and 207.

Cases cited and approved:  Railroad v. Green, 9 Heisk., 592; Ralston v. Boady, 20 Ga., 449; Sherman v. Wilder, 106 Mass., 537; Mound v. Barker, 71 Vt., 253; Riley v. Jordan, 122 Mass., 231; Holmead v. Maddox, 2 Cranch, 161; Gray v. Sims, Fed. Cas., No. 5729; Sauner v. Insurance Co., 41 Mo. App., 480; Corrigan v. Chicago, 144 Ill., 537; Jamieson v. Gas & Oil Co., 128 Ind., 555; Church v. New York, 5 Cow., 538.

FROM KNOX.

Appeal from the Chancery Court of Knox County.—
JOSEPH W. SNEED, Chancellor.

LEWIS TILLMAN, for complainant.

WEBB, McCLUNG & BAKER, for defendant.

MR. JUSTICE SHIELDS delivered the opinion of the
Court.

Complainant on August 31, 1902, leased a certain
house and lot situated in Knoxville, Tenn., and owned
by him, to the defendant for a term of eight years, to
be used as a saloon or place for the sale of intoxicating
liquors, as expressed in the written lease that day made
and executed by both parties. The defendant entered
into possession of the property, and paid the rent con-
tracted for to November 1, 1907, but after that declined
to further use it, or pay any rent. Complainant sues
to collect rent accruing since November 1, 1907. The
contract of lease was exhibited with and made a part
of the bill, and therein the terms of the contract and
the purposes for which the property was to be used are
fully set forth.

The chancellor sustained a demurrer to the bill upon
the ground that by chapters 17, 206, 207, pp. 81, 752,
755, Acts Gen. Assem. 1907, the sale of intoxicating

liquors was made unlawful and prohibited in the city of Knoxville from and after November 1, 1907, and therefore the purpose for which the lease was made was from that time illegal, and the contract void and unenforceable, and complainant has brought the case to this court for review.

There is no error in the action of the chancellor. When the contract was made, the purpose for which the property was leased—the sale of intoxicating liquors in Knoxville—was lawful, and the lease valid and enforceable. Afterwards, November 1, 1907, that purpose was made unlawful by the acts of the general assembly above referred to, and thus by operation of law the lease became and is void and unenforceable at the instance of either party.

It is a principle of general application that all contracts are void which provide for doing a thing which is contrary to law, morality, and public policy. *Yerger* v. *Rains,* 4 Humph., 259; *Wetmore* v. *Brien,* 3 Head, 723; *Henderson* v. *Waggoner,* 2 Lea, 134, 31 Am. Rep., 591; *Rhodes* v. *Summerhill,* 4 Heisk., 205; Page on Contracts, sec. 326.

It has been applied to contracts of this character, and held, for that reason, that the rent contracted to be paid could not be collected. *Ralston* v. *Boady,* 20 Ga., 449; *Sherman* v. *Wilder,* 106 Mass., 537; *Mound* v. *Barker,* 71 Vt., 253, 44 Atl., 346, 76 Am. St. Rep., 767; *Riley* v. *Jordan,* 122 Mass., 231; *Holmead* v. *Maddox,*

2 Cranch, C. C., 161, Fed. Cas., No. 6629; 2 Taylor's Landlord and Tenant, sec. 521.

The rule is the same when the purpose of the contract, although lawful when made, becomes unlawful by statute enacted before the full performance of its terms. In Mr. Parson's work on Contracts (volume 2, p. 674) it is said:

"That the illegality of a contract is in general a perfect defense must be too obvious to need illustration. It may indeed be regarded as an impossibility by act of law; and it is put upon the same footing as an impossibility by act of God, because it would be absurd for the law to punish a man for not doing, or, in other words, to require him to do that which it forbids his doing. Therefore, if one agrees to do a thing which is lawful for him to do, and it becomes unlawful by an act of the legislature, the act avoids the promise, and so if one agrees not to do that which he may lawfully abstain from doing, but a subsequent act requires him to do, this act also avoids the agreement."

In Hammon on Contracts, sec. 210, pp. 345, 346, it is said:

"Where the performance of an executory agreement which was lawful in its inception is made unlawful by subsequent enactment, the agreement is thereby dissolved and the parties discharged from its obligations."

Other text-books are to the same effect. Clark on Contracts, 681; Lawson on Contracts, secs. 423, 424.

The rule has also been frequently applied by this and other courts of last resort.  In *Railroad Company* v. *Green,* 9 Heisk., 592, it was held that a contract for the payment of Confederate notes, lawful when made, but afterwards made unlawful by law, could not be enforced.  It is there said:

"The law has therefore made it impossible for the plaintiff to perform that portion of the condition precedent which required them to demand payment in Confederate notes.  The nonperformance of a contract will always be excused where it is occasioned by act of law."

The case of *Gray* v. *Sims,* Fed. Cas., No. 5729, is directly in point.  This was a suit upon a policy of marine insurance.  The vessel insured was to be employed in importing goods from Calcutta or Madras into the United States, and the contract of insurance specified this as one of the purposes of the voyage.  After the policy was written, and before the return of the vessel, it became by act of congress illegal to import goods into the United States from those points.  The master undertook to do so, and the ship was seized and confiscated.  The loss was within the terms of the policy.  A recovery was denied.  The court said:

"But if the contract be legal when it is made, and the performance of it is rendered illegal by a subsequent law, the parties are both of them discharged from its obligation.  The insured loses his indemnity and the insurer his premium."

Other cases in accord are: *Sauner* v. *Phoenix Insurance Co.*, 41 Mo. App., 480; *Corrigan* v. *Chicago*, 144 Ill., 537, 33 N. E., 746, 21 L. R. A., 212; *Jamieson* v. *Gas & Oil Co.*, 128 Ind., 555, 28 N. E., 76, 12 L. R. A., 652; *Presb. Church* v. *New York*, 5 Cow. (N. Y.), 538.

It is not necessary in this case to determine whether or not the contract contained in the lease restricts the use of the property for the sale of intoxicating liquors. It was the purpose of both lessor and lessee, as clearly expressed in the instrument, that it should be used as a saloon, and, this being made unlawful by law, the contract is no longer enforceable.

The decree of the chancellor is affirmed, with costs.