## WHITE v. LITTLE.

No. 17512. Opinion Filed March 20, 1928.

Rehearing Denied June 19, 1928.

(Syllabus.)

1. **Attorney and Client—Associate Counsel Liable for Division of Fee Collected to Attorney Who Was Eligible to Admission to Bar but not Admitted till After Employment.**

Where an attorney, duly admitted to practice in the courts of another state, removes to this state and, under the laws and rules of this court, is eligible to admission as an attorney in Oklahoma, accepts employment by a client and is afterwards admitted to the bar of this state and associates other counsel with him in prosecuting such client's claim, the associate counsel, collecting the fee for such services, will not be permitted to defend an action for a division of such fee upon the grounds that such attorney was not enrolled as a member of the bar of this state at the time he accepted such employment.

2. **Trial—Sufficiency of Instructions Construed as a Whole.**

Instructions must be considered as a whole and construed together, and while a single instruction standing alone may be subject to criticism, yet, when the instructions, when taken together in their entirety, fairly submit the issues to the jury, the judgment of the trial court on the verdict of the jury will not be disturbed. It is not necessary that any particular paragraph of the instructions contain all the law of the case; it is sufficient if, when taken together and considered as a whole, they fairly present the law applicable to the issues in the pleadings upon which competent evidence has been introduced.

3. **Appeal and Error—Harmless Error—Statutory Provision.**

Under section 2822, C. O. S. 1921, the judgment of the trial court will not be disturbed by this court upon the grounds of misdirection of the jury or improper admission or rejection of evidence unless it appears from the entire record that the errors complained of have probably resulted in a miscarriage of justice or a substantial constitutional or statutory right has been violated.

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by George J. Little against H. P. White. Judgment for plaintiff, and defendant appeals. Affirmed.

Wm. S. Hamilton and H. P. White, for plaintiff in error.

A. P. Carr, Sands & Campbell, and George J. Little, for defendant in error.

PHELPS, J. George J. Little, defendant in error, filed his action in the district court of Osage county against H. P. White, plaintiff in error, claiming that he had been associated in the practice of law with said H. P. White and that they had an oral agreement by the terms of which Mr. White was to pay him the sum of $130 a month for his services. He further contends that he was interested in prosecuting the claims of one Opal Lee Maker Lucas for an interest in the estate of George Maker and that as additional compensation Mr. White agreed to become associated with him in the prosecution of this claim and from the fee which they received therefor he should be reimbursed in the sum of $125 for expenses he had incurred in behalf of said claimant and that the balance should be equally divided between them; that Mr. White received a fee of $750 in that matter, out of which he paid defendant in error $100 and retained the balance, and defendant in error prayed judgment against plaintiff in error for the $25 additional expenses and one-half the residue, amounting in all to $337.50.

The cause was tried to a jury and from the court's judgment rendered on the jury's verdict in favor of the plaintiff below, this appeal is prosecuted by plaintiff in error.

It is contended by plaintiff in error that the $130 per month he paid Mr. Little constituted the entire consideration for Little's services and that there was no agreement that he should have any further or additional compensation, but that he had gratuitously paid Mr. Little $100 out of the $750 fee received in the compromise of the claim against the Maker estate.

The issues of fact thus joined were submitted to the jury and decided adversely to the contention of plaintiff in error, and it therefore goes without saying that, unless it

can be said that there were errors of law in submitting these questions of fact to the jury, the judgment of the court rendered on the jury's verdict must stand, if there is any competent evidence reasonably tending to support it.

Plaintiff in error first contends that the trial court erred in overruling his demurrer to the evidence of plaintiff below, and in support of this contention counsel cite several authorities supporting the theory that one partner cannot maintain an action against another for damages growing out of partnership transaction until there has been a final settlement of the partnership affairs. As we view it, these authorities are not applicable, for the reason that there is no contention in either the pleadings or the evidence that the relations existing between these parties could be construed as a partnership, it being contended by Mr. Little that he was in the employ of Mr. White and that the agreed compensation for his services as such employee was $130 per month, plus one-half of the net fee received in this particular case.

They further cite authorities tending to hold that the plaintiff below could not recover for the reason that he had not been licensed to practice law in the state of Oklahoma. It appears that he was a licensed attorney in the state of Kansas and had recently come to Oklahoma when he entered the employ of Mr. White and was thereafter admitted to the bar of this state. Whatever may be the merits of this contention in a controversy between Little and any litigant that he may have represented, as we view it, it is not a remedy available to Mr. White.

In Martindale v. Shaha, 51 Okla. 670, 151 Pac. 1019, a similar question was before this court, wherein Shaha had been admitted to practice law in the Indian Territory, and was eligible for enrollment as an attorney in the state of Oklahoma, but had not been so enrolled. He made a contract with his client, in connection with other counsel, to represent her. After the termination of the litigation a controversy arose between Shaha and the other counsel over a division of the attorneys' fees, and this court said:

"* * * It comes with extremely bad grace for them to say that they cannot be compelled to divide with Shaha because he had not been enrolled as a member of the bar of the Supreme Court. The law will not permit them to make such a defense."

It is next contended by plaintiff in error that the court erred in admitting incompetent evidence on the part of defendant in error. The evidence of the admission of which plaintiff in error complains, was an attorney's lien notice to which was attached a copy of a contract signed by Opal Lee Maker Lucas, as party of the first part, and H. P. White and George J. Little, as parties of the second part, by the terms of which Mrs. Lucas employed these attorneys, agreeing to give them 50 per cent. of the amount recovered on her claim. It is urged by plaintiff in error that the instrument offered was not competent, for the reason that it did not purport to fix the rights or obligations between plaintiff and defendant in the trial court.

As we understand the record, it was not introduced for that purpose, but, since Mr. White claimed that Mr. Little had no interest in the Lucas claim, this contract was competent for the purpose of showing that Little was interested as an attorney in this litigation, and, therefore, to shed whatever light it might reflect upon the contention of Little that he was interested in the Lucas claim, and upon White's contention that Little had no interest therein, and for this purpose we think it was competent and the court did not err in admitting it.

Plaintiff in error further complains of the instructions given to the jury and of the court's refusal to give certain requested instructions. We have carefully examined the instructions given and those requested and refused, and reach the conclusion that the issues presented by the pleadings and the evidence were fully and fairly submitted to the jury in the instructions given, when considered as a whole, and, under the opinions of this court, when this is done, plaintiff in error cannot be heard to complain. M., K. & T. Ry. Co. v. Zuber, 76 Okla. 146, 184 Pac. 452; City of Sapulpa v. Deason, 81 Okla. 51, 196 Pac. 544, and Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111.

Plaintiff in error further complains that the court erred in permitting members of the jury to propound inquiries to a witness during the progress of the trial. It appears from the record that no objections were made to the inquiries propounded by the jury at the time, but this was assigned in the motion for a new trial as "irregularities in the proceedings of court which prevented the defendant below from having a fair trial." Counsel for plaintiff in error do not set out in their briefs the interrogatories complained of, but reference to the

record shows that they were such interrogatories as might properly have been made by counsel, and we are unable to say, from anything that appears in the record, that the rights of plaintiff in error were prejudiced thereby.

We are not favored with the citation of authorities from this jurisdiction on that question, but in Schaeffer v. St. Louis Ry. Co., 128 Mo. 64, the Supreme Court of Missouri places its stamp of approval upon the practice of the trial court and jurors interrogating witnesses in an endeavor to ascertain the facts. And in Miller v. Commonwealth, 222 S. W. 96, the Court of Appeals of Kentucky upholds the right of a juror to interrogate the witnesses. From all the authorities we have been able to find on this subject, we reach the conclusion that it is not error for a juror to interrogate witnesses where it is clear that such interrogatories are propounded in good faith and for the purpose of eliciting facts overlooked by counsel, but this privilege should be exercised with great care and under strict admonition from the trial judge. Generally jurors are not familiar with the rules governing the admission of evidence and in the very nature of such a situation counsel quite naturally will hesitate to object to a question propounded by a juror even though it may be incompetent, and this practice is so dangerous to the rights of the litigant that we cannot encourage the practice, although where this practice is indulged in, the obligation rests upon the party complaining to show that his rights have been prejudiced thereby.

There are other minor assignments of error, but, viewing the whole record, we reach the conclusion that the verdict of the jury is reasonably sustained by the evidence and that it does not appear that there has been a miscarriage of justice, and in such situation, under section 2822, C. O. S. 1921, and the rule announced by this court in Dunn v Modern Foundry, 51 Okla. 465, 151 Pac. 893, it is our duty to affirm the judgment of the district court, and it is accordingly done.

MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 6 C. J. p. 754, §334. (2) 38 Cyc. pp. 1778, 1779, 1781; 14 R. C. L. pp. 817-821; 3 R. C. L. Supp. p. 298; 4 R. C. L. Supp. p. 922; 5 R. C. L. Supp. p.781; 6 R. C. L. Supp. p. 834. (3) 4 C. J. p. 853, §2834; p. 1168, §3190.