**J. S. KENNOY, d/b/a Kennoy & Company, Appellant,**

v.

**Charles M. GRAVES, Appellee.**

Court of Appeals of Kentucky.

March 29, 1957.

Welden Shouse, Fred J. Coplin, Lexington, for appellant.

McDonald, Alford & Roszell, Lexington, for appellee.

CLAY, Commissioner.

This suit was instituted by appellee Graves to recover approximately $900 for services rendered as a consulting engineer to appellant. Appellant denied liability and counterclaimed for $7,500. On motion for summary judgment the trial court allowed appellee's claim and dismissed appellant's counterclaim.

Appellant's denial of liability and his counterclaim for damages is based on a single admitted fact: Appellant was not licensed as required by KRS 322.020.

It has long been recognized in Kentucky, as elsewhere, that when a statute requires a license to practice a particular profession (the statute being enacted for the protection of the public), a contract for those professional services entered into with one not licensed is void and unenforceable. Board of Education of Ferguson Independent Graded School District v. Elliott, 276 Ky. 790, 125 S.W.2d 733. Appellee concedes the existence of this general rule, but claims there is an important exception when the contract is between a licensed and an unlicensed member of the same profession or trade. Whether or not this exception should be recognized is a new question in Kentucky.

A leading case from another jurisdiction is Dow v. United States, 10 Cir., 154 F.2d 707. The plaintiff was an unlicensed subcontractor on a construction project. The controlling Utah statute was similar to ours with respect to requiring a contractor's license. The court recognized the general rule that a contract for services cannot be enforced by an unlicensed person. The court stated, however, at page 710:

"But that general rule does not have application in a case of this kind in which an unlicensed member of a profession or trade seeks to recover from a licensed member for services rendered or labor performed pursuant to a contract entered into by them. Martindale v. Shaba, 51 Okl. 670, 151 P. 1019; White v. Little, 131 Okl. 132, 268 P. 221; Ferris v. Snively, 172 Wash. 167, 19 P.2d 942, 90 A.L.R. 278; Cf. John E. Rosasco Creameries v. Cohen, 276 N.Y. 274, 11 N.E.2d 908, 118 A.L.R. 641."

This exception seems to have been recognized in Oklahoma, Washington, New York, Colorado, and California. In addition to the cases cited in the quotation, see Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078, and Matchett v. Gould, 131 Cal. App.2d 821, 281 P.2d 524. Appellant contends that there were distinguishing facts in those cases (some of them involved contracts between attorneys) and also contends that no sound reasons are shown for this

exception to the general rule. It is our opinion that the principle recognized in those cases is applicable under the facts here presented and that sound reasons justify recovery on what is otherwise a valid claim.

The statute involved, and similar ones, are designed to protect the public from being imposed upon by persons not qualified to render a professional service. The reason for the rule denying enforceability does not exist when persons engaged in the same business or profession are dealing at arms length with each other. In the case before us appellant was in a position to know, and did know, the qualifications of appellee. No reliance was placed upon the existence of a license, as presumptively would be the case if appellee was dealing with the general public.

Some of the cases take the view that the professional employer should be estopped to invoke the statute, and others point out the aspect of unjust enrichment. Without invoking specific equitable principles, it seems to us that the technical requirements of the licensing statute play no part in the determination of just claims between persons in the same business field who have contracted with knowledge of each other's respective professional qualifications. Appellant had no valid defense to this claim, and the trial court correctly adjudged recovery.

Appellant additionally contends it was improper for the trial court to dismiss his counterclaim on the motion for summary judgment. The basis of this counterclaim, however, was the failure of appellee to have a license. The alleged damages resulted from appellant's "embarrassment" and "humiliation" in entering into an agreement with an unlicensed consulting engineer. Proof presented in the case by way of interrogatories and by deposition showed that the damages claimed were nebulous and speculative. In view of the fact that appellee's claim was a just one, and in the light of the evidence the trial court properly considered, there was nothing to support this claim of damages and consequently no genuine issue with respect thereto. The summary judgment was proper on this phase of the case also.

The judgment is affirmed.