John P. Donohoe
(Putnam County Judge and Acting Judge for Rockland County). The plaintiff, the Real Estate Multiple Listing Exchange of Spring Valley, New York, was incorporated November 3, 1952 by seven real estate brokers under the provisions of the Membership Corporations Law. While a certificate of incorporation sets forth activities normally permitted to a membership corporation, the plaintiff corporation, as soon as it was incorporated, proceeded to engage in the customary business activities of a real estate broker. These activities, according to the proof, included the employment of an individual who gathered and distributed listings of properties for sale; the employment of a part-time salesman; advertisements were placed by the corporation in local and New York newspapers seeking listings of properties and offering certain real properties for sale. The corporation employed an attorney upon retainer to assist it in the operation of its business. The corporation took over an agreement which had previously been entered into by the seven incorporators and a real estate developer and thereupon proceeded to sell lots and buildings for the developer for the balance of the term of the contract. The corporation collected portions of brokerage commissions made by individual brokers.
It is clear from the evidence that the incorporators of the plaintiff corporation selected the wrong type of corporation for its activities. Accordingly, the motion to dismiss the complaint of the corporate plaintiff is granted for the following reasons: First, the plaintiff corporation, a membership corporation, was not incorporated for pecuniary profit and therefore was not authorized to transact the type of business which it proceeded to carry on following its incorporation and for several years thereafter; Second, the corporate plaintiff was not licensed as a real estate broker and therefore its business activities were carried on in violation of the provision of the Real Property Law dealing with real estate brokers; Third, section 442-d of the Real Property Law prohibits the plaintiff from bringing this action to recover the brokerage commission or a portion of *196 the brokerage commission for the reason that the plaintiff was not licensed as a broker; Fourth, the defendant, under the provisions of the Real Property Law, may not split brokerage commissions with any unlicensed person or corporation.
As to the case of the individual plaintiff, Anthony S. Milewski, the motion to dismiss the complaint is granted for the following reasons:
First, the plaintiff’s cause of action is based upon a claim of a joint obligation to share commissions with the plaintiff, an unlicensed broker, namely, the corporate plaintiff, which is forbidden by section 442 of the Real Property Law. Where one of the cobrokers was unlicensed or is unlicensed it has been held that no recovery may be had.
Second, the sole recourse of a member of an association incorporated under the Membership Corporations Law who feels that he has been injured by another member’s nonobservance of the by-laws, is by seeking punishment of the offending member in the manner and to the extent authorized by the by-laws. Nothing in the by-laws of the corporation authorizes an action by one member of the corporation against another.