Charles R. EDMONDS, Appellant,

v.

The FEHLER & FEINAUER CON-
STRUCTION COMPANY, Inc., a Ken-
tucky Corporation, Appellee.

No. 13171.

United States Court of Appeals
Sixth Circuit.

Feb. 7, 1958.

Charles E. Lester (of Lester & Ried-
inger), Newport, Ky., for appellant.

W. R. Seidenfaden, Newport, Ky., for
appellee.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant brought this action to recover damages for breach of a contract under which he had been employed to sell appellee's real estate. Appellee moved to dismiss the action on the ground that under the Kentucky statutes, there could be no recovery because appellant was not a licensed real estate broker. From the order of the district court granting the motion to dismiss, this appeal was taken.

Appellant was employed as the sales manager of appellee corporation, a company engaged in the development of a real estate subdivision. The company had entered into a written contract with appellant in which it agreed to pay him an amount of compensation equal to 2½% of the closing sales price of all housing units in the subdivision. In the contract, the company agreed specifically to appellant's employment as sales manager; and he agreed to perform such services as the corporation and its officers might require of him, and particularly to do and perform all of his duties as a sales manager—namely, to seek out, interview, and use his efforts to secure prospective purchasers for housing improvements in the development; to arrange financing; display model housing plans; secure contracts of purchase; and to do any and all things necessary to contract for the sale of, and disposition of, housing units in the development. Among other covenants, appellant agreed to devote his entire time, skill, and attention to the promotion and development of the subdivision, and to engage in no other form of employment during the term of the contract, or any similar form of employment on any other development than that of the company; and he further agreed not to do or perform any act contrary to the best interests of the company with respect to the subdivision. It was agreed between the parties that the contract should be in effect for five years from the date of its execution, unless sooner terminated by mutual agreement.

The complaint alleged that from the time of his employment until the employment contract was terminated by the appellee, the appellant negotiated the sale of all the appellee's housing units then ready for the market, and that he was paid compensation therefor by the appellee in accord with the terms of the employment agreement. The complaint further alleged that within the five-year term of the employment agreement, it was unilaterally terminated by the appellee, and that several houses were thereafter sold or ready for sale. It asked judgment for an amount equivalent to what his compensation would have been for the houses sold or ready for sale during the balance of the five-year term.

The Kentucky statute on which the district court based its order of dismissal is KRS (Kentucky Revised Statutes) 324.-020, which provides:

"On and after [the effective date of this Act] June 1, 1942, it shall be unlawful for any person, copartnership, association or corporation to act as a real estate broker or real estate salesman or to advertise or assume to act as such real estate broker or real estate salesman, in any city of the first, second and third class, and within five miles from the corporate limits thereof, without a license issued by the Kentucky State Real Estate Commission."

KRS 324.320 provides:

"No person, copartnership, or corporation engaged in the business of acting in the capacity of a real estate broker or a real estate salesman in a city of the first, second and third class and within five miles of the corporate limits thereof of this state shall bring or maintain any action in the courts of this state for the collection of compensation for any services performed as a real estate broker or salesman without alleging and proving that such person, copartnership, or corporation was a duly licensed real estate broker or real estate salesman at the time the alleged cause of action arose."

There is no question but that the appellant's activities as sales manager were to be carried on within five miles of the corporate limits of a city of the second class in the State of Kentucky.

Appellant, however, relies upon an exception to the rule stated in KRS 324.020 in that he claims that he comes within the provisions of KRS 324.030, which provides:

"KRS 324.020 shall not apply to:

"(1) Any person who as owner or lessor performs any of the acts defined in KRS 324.010 with reference to property owned or leased by him or to his regular employes, with respect to the property so owned or leased, where such acts are performed in the regular course of, or as an incident to the management of such property and the investment in it."

The district court held that, under the foregoing provision, appellee corporation could, undoubtedly, by passing a resolution of its governing body, sell its own real estate without complying with KRS 324.020; but that when it employed an agent, it would be subject to the same law as an individual who employed an agent to make such sale. The court further declared that appellant was not a regular employee within the meaning of the statute, but, rather, a special employee retained for the sole purpose of disposing of the corporation's real estate.

■ A corporation acts through its agents. Appellant was acting as an agent of appellant corporation in the performance of acts and services under his contract with the company. Under KRS 324.030, the owner who performs such acts as selling or leasing real estate, owned or leased by him, is not subject to KRS 324.020; and a regular employee who carries out these acts or performs such services for the owner is not subject to KRS 324.020, "where such acts are performed in the regular course of, or as an incident to the management of such property and the investment in it."

Appellant was an employee of appellee corporation. According to the terms of the written contract between them, appellant covenanted, and was obliged to perform such services as the corporation and its officers might require of him, and particularly to do and perform all of his duties as sales manager of the real estate owned by the corporation, which included the obligations of seeking out and interviewing prospective purchasers for appellee's housing developments, arranging the financing of sales of the real estate, displaying appellee's model housing plans, securing contracts of purchase, processing all complaints of purchasers concerning unfinished work and faulty construction of the individual housing units, and doing all things necessary to contract for the sale of, and to dispose of, the housing units in appellee's developments.

Considering that appellee corporation could only act through an agent; that appellant was bound by his contract with the corporation to devote his entire time, skill, and attention to the above duties and to engage in no other form of employment during the term of the contract; that he was obliged not to do anything contrary to the best interests of the appellee corporation; that he was to furnish at his own cost all transportation necessary to carry out his covenants with the corporation; and that he was to receive, for his entire remuneration, commissions on the closing sales prices of the real estate units—it is clear that, as such corporation sales manager, he was a regular employee of the company; and that his acts in selling and promoting the sale of his employer's real estate were to be performed for the company in the regular course of his employment, and as an incident to the management of the property, the investment in it, and the sale of it.

■ To be a regular employee of a corporation, it is not necessary that an individual be authorized and be able to do everything which the corporation is authorized to do. The words, "regular employees," as used in the Kentucky statute here under consideration, do not carry any implication that they are words of

art. Such words in a statute should not be so limited in their application as to lead to injustice. Appellant's duties under the contract in this case, which he carried out, did not, by any reasonable construction, exclude him from the classification of a "regular employee"; and it is our view that he was clearly a regular employee of the company; that his performance of acts and services under the written contract with the employing corporation brought him within the exceptions to KRS 324.020; and that he was not, therefore, barred from bringing his action in this case by reason of his not having a real estate broker's license issued by the State of Kentucky.

Appellant did not bring his action as a real estate broker to collect compensation for the sale of real estate. He sued for the breach of his written contract of employment with the corporation. To recover he was not required to allege and prove that he was a duly licensed real estate broker. His complaint, with the contract attached thereto, stated a cause of action. As above mentioned, by virtue of his contract with his employer, his employment, as therein set forth, and the services to be rendered thereunder, appellant came, because of the provisions of KRS 324.030, within the exceptions to KRS 324.020. He, accordingly, stated a valid cause of action in his complaint.

Viewed from yet another aspect, appellant stated a valid cause of action. For it is to be here remarked that this is not a case where a real estate dealer is bringing suit against an individual to whom or for whom he sold real estate. Appellant, in this case, was employed to sell the real estate of the corporation to members of the public, on behalf of a corporation which had entered into a written contract with him in which he was named corporate sales manager. It is this corporation that seeks to escape liability to the appellant on the ground that he cannot bring an action because he is not a licensed real estate broker. This is similar to the situation disclosed in Kennoy v. Graves, 300 S.W.2d 568, 569, lately decided by the Court of Appeals of Ken-

tucky. There, the court had before it a case brought to recover for services rendered by a consulting engineer who had contracted with a corporation engaged in the same general business. The corporation defended on the ground that plaintiff was not a licensed engineer in Kentucky, although he was furnishing engineering services in that state to the corporation. The Court of Appeals of Kentucky, in affirming a judgment for the plaintiff, in an excellent opinion, said:

"It has long been recognized in Kentucky, as elsewhere, that when a statute requires a license to practice a particular profession (the statute being enacted for the protection of the public), a contract for those professional services entered into with one not licensed is void and unenforceable. Board of Education of Ferguson Independent Graded School District v. Elliott, 276 Ky. 790, 125 S.W.2d 733. Appellee concedes the existence of this general rule, but claims there is an important exception when the contract is between a licensed and an unlicensed member of the same profession or trade. Whether or not this exception should be recognized is a new question in Kentucky.

"A leading case from another jurisdiction is Dow v. United States, 10 Cir., 154 F.2d 707. The plaintiff was an unlicensed subcontractor on a construction project. The controlling Utah statute was similar to ours with respect to requiring a contractor's license. The court recognized the general rule that a contract for services cannot be enforced by an unlicensed person. The court stated, however, at page 710:

" 'But that general rule does not have application in a case of this kind in which an unlicensed member of a profession or trade seeks to recover from a licensed member for services rendered or labor performed pursuant to a contract entered into by them. Martindale v. Sha[h]a, 51 Okl. 670, 151 P. 1019; White v. Lit-

tle, 131 Okl. 132, 268 P. 221; Ferris v. Snively, 172 Wash. 167, 19 P.2d 942, 90 A.L.R. 278; Cf. John E. Rosasco Creameries v. Cohen, 276 N.Y. 274, 11 N.E.2d 908, 118 A.L.R. 641.'

"This exception seems to have been recognized in Oklahoma, Washington, New York, Colorado and California. In addition to the cases cited in the quotation, see Benham v. Heyde, 122 Colo. 233, 221 P.2d 1078, and Matchett v. Gould, 131 Cal.App. 2d 821, 281 P.2d 524. Appellant contends that there were distinguishing facts in those cases (some of them involved contracts between attorneys) and also contends that no sound reasons are shown for this exception to the general rule. It is our opinion that the principle recognized in those cases is applicable under the facts here presented and that sound reasons justify recovery on what is otherwise a valid claim.

"The statute involved, and similar ones, are designed to protect the public from being imposed upon by persons not qualified to render a professional service. The reason for the rule denying enforceability does not exist when persons engaged in the same business or profession are dealing at arms length with each other. In the case before us appellant was in a position to know, and did know, the qualifications of appellee. No reliance was placed upon the existence of a license, as presumptively would be the case if appellee was dealing with the general public.

"Some of the cases take the view that the professional employer should be estopped to invoke the statute, and others point out the aspect of unjust enrichment. Without invoking specific equitable principles, it seems to us that the technical requirements of the licensing statute play no part in the determination of just claims between persons in the same business field who have contracted with knowledge of each other's respective professional qualifications. Appellant had no valid defense to this claim, and the trial court correctly adjudged recovery."

The order dismissing the complaint is set aside and the case is remanded to the district court for further proceedings.