BERTIE REITER, on Behalf of Herself and All Stockholders Similarly Situated, of CONTINENTAL REALTY SERVICING CORP., Respondent, v. ABRAHAM GREENBERG et al., Appellants.— In a derivative action by a stockholder on behalf of herself and other stockholders of the Continental Realty Servicing Corp., to recover *inter alia* the amount of the commission paid by it to the defendant Gedzelman, the defendants Greenberg and Gedzelman appeal as follows from a judgment of the Supreme Court, Kings County, rendered February 8, 1961 on the decision of a Special Referee (27 Misc 2d 18) after a trial before him: (1) The defendant Gedzelman appeals from so much of said judgment as awarded $3,653 to the plaintiff against him, representing the amount of such commission, plus the interest thereon. (2) Both defendants appeal from so much of said judgment as awarded to plaintiff's attorney a $500 fee for his services and disbursements in the action, to be paid out of plaintiff's recovery. Judgment, insofar as appealed from, affirmed, with costs. In lieu of a formal trial, the parties submitted this action to the Special Referee for decision on stipulated facts and exhibits. The facts appear to be substantially as follows: The Continental corporation is a licensed real estate broker whose outstanding capital stock is held by the plaintiff Reiter and the defendant Greenberg. The defendant Gedzelman is neither a licensed real estate broker or salesman nor an attorney at law; he is a certified public accountant. Defendant Greenberg personally had entered into a contract for the purchase of the Root building in the City of Buffalo. He decided to "syndicate" the purchase and engaged the corporate broker Continental for the purpose of finding participants for the proposed syndicate in order to take over his pending contract and to acquire title to the building. Continental in turn engaged various persons, including defendant Gedzelman, as salesmen to find the syndicate participants for the purposes stated. With the exception of Gedzelman, all of such persons were licensed as real estate brokers or real estate salesmen. The salesmen thus engaged by Continental sold participating interests to various investors for the purpose of taking an assignment of Greenberg's contract and thereafter acquiring title to the building. The syndicate, which took the legal form of a limited partnership, was formed after the participants had been procured. For its services in procuring the investors, Continental received $14,000 in commissions. All the salesmen thereafter received from Continental commissions based on the amount of the investments made by the participants whom they procured. Defendant Gedzelman, as one of such salesmen, received a commission of $3,250, being 5% of the investments of $65,000 made by the participants whom he procured. It is the propriety of the payment of such commission to Gedzelman which is in dispute. In our opinion, upon the facts disclosed by this record, defendant Gedzelman received commissions: (a) for the purpose of procuring purchasers in connection with the sale of Greenberg's existing contract to purchase specific real property (an interest in real estate); and (b) for the purpose of thereafter acquiring title to that property. Gedzelman's employment was not for the sale of participating interests in a partnership or syndicate already organized or to engage in the trading of real estate generally. The partnership was to terminate simultaneously with its transfer of title to the particular parcel of real estate involved. Hence, he was a real estate broker or real estate salesman within the purview of the statute which requires every such broker and salesman to be licensed in order to be entitled to commission for his services (Real Property Law, §§ 440, 440-a, 442, 442-d). Since he lacked the requisite license, Continental is entitled to the return of the commission thus improperly paid to him in violation of the law, even though

such payment to him had been made voluntarily (Real Property Law, § 442-e, subd. 3). Under the circumstances, we do not reach the question, argued by the defendants and by *amici curiæ* (the Attorney-General of the State of New York and the Association of Real Estate Syndicators, Inc.), as to whether a real estate broker's license is required of one who seeks to collect a commission for the sale of participating interests in a limited partnership *after* the formation of the partnership, or for the sale of other real estate securities. The question of the nonjoinder of Continental, not having been raised in the court below, will not be considered now on this appeal. With respect to the allowance to plaintiff's attorney, we believe it was proper. Beldock, P. J., Ughetta, Christ and Hill, JJ., concur; Rabin, J., dissents and votes to reverse the judgment insofar as it directs recovery against defendant Gedzelman, with the following memorandum: In my view the purchasers of participating interests in the limited partnership (who were obtained by defendant Gedzelman) acquired no title in and to the partnership real property, since individual partners have no title to the partnership realty or other assets as such. They have an interest merely in a prorata share of the partnership profits and surplus; and such interest constitutes intangible personal property (Partnership Law, § 52; *Blodgett* v. *Silberman,* 277 U. S. 1; *Altman* v. *Altman,* 271 App. Div. 884, affd. 297 N. Y. 973). In any event, by the recent amendment (L. 1960, ch. 987) to the Martin Act (General Business Law, art. 23-A, § 352-e *et seq.*), such amendment being known as the Real Estate Syndication Securities Act, the Legislature vested in the Attorney-General the supervision and control of the sale of securities or units evidencing a limited partnership interest in real estate enterprises. The Legislature thereby reaffirmed existing authority to the effect that such securities or units are to be treated as personalty and not as real estate. This new statute does not require sellers of such real estate securities or units to comply with the supervisory directions of the Department of State which is vested with divers controls over persons engaged in the sale of real property on a commission basis (Real Property Law, art. 12-A, § 440 *et seq.*). Accordingly, it is my view that the units here sold by the defendant Gedzelman involved no more than the sale of personalty for which no real estate brokerage license was required.