155 So.2d 785 (1963)
Harold TOBIN, Petitioner,
v.
Charles J. COURSHON and William J. Goldworn, Respondents.
No. 32422.
Supreme Court of Florida.
June 28, 1963.
Rehearing Denied September 11, 1963.
Joseph Pardo, Miami, for petitioner.
Jack D. Burris, Miami Beach, for respondents.
John G. Baker, Orlando, and Benjamin T. Shuman, Miami Beach, amicus curiae.
THOMAS, Justice.
This case comes to us upon the certificate of the District Court of Appeal, Third District, issued pursuant to Sec. 4(2) of Art. V of the Constitution, F.S.A., that the decision of that court passed upon a question of great public interest.
An action was instituted in the circuit court by the respondents to recover one-third of a real estate commission alleged to have been received by the petitioner, Harold Tobin, a registered real estate broker.
The respondents are members of The Florida Bar and actively engaged in the practice of law; they are not real estate brokers.
Since the complaint was dismissed for failure to state a cause of action we must go to its allegations for the only available statement of facts upon which respondents hoped to prevail and upon which the question we will eventually state must be resolved. The respondents were retained by one Meyer Siegel, acting for himself and two associates, to locate property for sale on the ocean in the vicinity of Miami Beach. The respondents were to report to Siegel for consideration any property of that description. They were to be compensated *786 by commission paid by the seller or by sharing in any commission paid a cooperating real estate broker. The petitioner-real estate broker informed the respondents that he had an exclusive listing on certain property which seemed suitable whereupon he and the respondent-Goldworn, representing the partnership, composed of himself and the respondent-Courshon, agreed that if the latter gave the former information about a prospective purchaser and a sale of the property resulted, the partnership would be paid one-third of the commission. The sale was consummated under those circumstances and a commission was paid the broker but the broker refused to disgorge one-third of it.
The District Court of Appeal reversed the order of dismissal.
From the facts alleged and the orders entered emerges the question whether or not qualified lawyers who are not licensed to operate as real estate brokers may recover part of a commission paid to a registered broker as compensation for cooperating with him in effecting the sale. It seems that to answer it in the affirmative we would have to become committed to the proposition that a member of the Bar is ipso facto qualified to operate as a real estate broker, without any restriction.
In the opinion of reversal the District Court of Appeal referred to Sec. 475.01(2), Florida Statutes 1959, F.S.A., defining the activities of those persons who shall be categorized as real estate brokers and salesmen and concluding with the clause "unless said person when performing the act or acts herein specified shall be acting * * * as an attorney-at-law within the scope of his duties as such * * *." (Italics supplied.) Another section of Chapter 475, "Real Estate License Law," provides that no contract for compensation for any of the activities specified shall be valid unless the broker or salesman was properly registered under the chapter when the services were performed. Moreover, another section of the law, Sec. 475.42(1) (a) prohibits a person from so operating unless he is the holder of a valid registration certificate.
The position of the petitioner in the trial court and the district court was, and it now is, that the respondents performed services jointly with the petitioner for which recovery should not be allowed because they were not registered brokers or salesmen and the activities for which they claim remuneration were not performed "within the scope" of their duties as lawyers.
The district court thought that the respondents should prevail by reason of the holding of this court in State ex rel. Bodner v. Florida Real Estate Commission, Fla., 99 So.2d 582, that an attorney could perform for pay every one of the functions detailed in Sec. 475.01(2), supra. That appears to be what the court held but no particular importance seems to have been placed on the qualification of the section providing, in effect, that lawyers may engage in such activities, within the scope of their duties as lawyers although in quoting the section the court supplied the italics for the provision. This omission, doubtless, resulted because a decision of the point was not necessary in the cited case.
In other words, as we look at the problem now we are not impressed with the thought the lawyers may merrily engage in the real estate business just because, as was stated in the opinion, "a lawyer, by virtue of his license, may, for particular clients, perform any of the multitude of functions contemplated by the Real Estate Act."
Without further analyzing the Bodner opinion, we must say that we do not think that it had such sweeping effect as positively to determine the instant case because we are not apprised by the record that what the respondents did fell within the scope of their duties as attorneys at law. The only language in the complaint even indicating the presence of an attorney-client relationship was that they were retained by the ultimate purchaser to "investigate and locate" land of a particular character. The *787 question immediately arises whether or not in seeking out the land, getting in touch with the realtor who had the listing and, perhaps, encouraging the purchaser to buy, they acted in the scope of their "duties" as lawyers.
We are not advised by the complaint that there was any connection whatever between the activity undertaken by the respondents and any professional services they were furnishing as attorneys to the purchaser of the property, who was not even obligated to pay for whatever work they performed but who, according to the averments of the complaint, "authorized" them "in carrying out * * * said retainer, to obtain compensation for their services * * * by commission to be paid * * * by the seller [not the purported client], or by participation and sharing of such commission with any real estate broker cooperating in such sale with plaintiffs [respondents]" if the property located was eventually purchased.
If the opinion in the Bodner case were given in the instant litigation the construction the respondents claim for it, it seems to us we would have to hold that any attorney at law would be empowered to act as a real estate broker in an isolated case when there was no relationship to his "duties" as an attorney and collect compensation on the theory that because he as an attorney was familiar with the law of conveyancing he could enter the realtor field on an independent venture
The narrow avenue through which the lawyer, not licensed as a real estate broker or salesman, may enter the ambit of the real estate broker or salesman is the one of duty owed by him in the relationship of client and attorney.
Curiously enough, in the present case the so-called client was not binding himself to pay for the services but was trying to fasten that obligation on the seller, with whom he would ultimately deal, or the broker who would be remunerated by the seller.
We are unable logically to accept such a position so having endeavored to answer the question certified to us, we conclude that our disagreement with the District Court of Appeal impels us to reverse their decision with directions to affirm the circuit judge.
DREW, O'CONNELL and CALDWELL, JJ., concur.
ROBERTS, C.J., and TERRELL, J., dissent.