436 P.2d 248

**Harold D. WHEATON, Plaintiff-Appellant,**

v.

**Dorothy Kraft RAMSEY and United States Fidelity and Guaranty Company, a corporation, Defendants-Respondents.**

**No. 10020.**

Supreme Court of Idaho.

Jan. 18, 1968.

Weeks & Davis, Nampa, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondents.

SMITH, Justice.

Appellant seeks recovery of a portion of a real estate broker's commission on the sale of real property, sometimes known as the Goat Mountain Ranch situate in Montana. The trial court denied recovery by entry of a summary judgment in respondents' favor. Appellant has appealed.

Appellant was at all relevant times a resident of South Dakota, licensed as a real estate broker only in that state. Respondent Ramsey was a Montana resident, licensed as a real estate broker in Montana, and possessed a real estate broker's bond executed by respondent United States Fidelity and Guaranty Company. Kraft Realty Company, a Montana corporation of which Ramsey was an officer, employee and stockholder, had listed the Goat Mountain Ranch with Previews Incorporated, a national real estate clearing house.

In late 1963 appellant contacted respondent Ramsey concerning her ranch listings in Montana, and obtained from her information regarding the Goat Mountain Ranch. They discussed the possible joint sale of

the property, and agreed that in such event they would split the real estate commission. Appellant's version of the agreement was that "in the event of a sale of the Goat Mountain Ranch to any prospect on which they worked together," the commission would be divided equally between them. Respondent Ramsey's understanding of the agreement was that if appellant "furnished a buyer for the property and if we jointly sold it through our cooperative efforts, we would split the commission on a 50-50 basis."

October 1963, appellant traveled to Montana with prospective purchasers, O. W. McPherson and wife, and spent several days showing them the Goat Mountain Ranch. Appellant summarized such efforts in a November 17, 1963, letter to respondent Ramsey as "eight days of driving, showing, and selling." Appellant also showed the ranch to other prospective buyers, including at least one buyer prior to his first meeting with respondent Ramsey. On one occasion appellant asked respondent Ramsey for the legal description of the ranch property so that he could obtain McPherson's signature on an offer to purchase.

December 1963, McPhersons agreed with respondent Ramsey to purchase the ranch for the sum of $275,000. Thereafter respondent Ramsey accompanied McPhersons from South Dakota to Nebraska, where the purchasers deposited the earnest money in a Nebraska bank. Upon completion of the sale in January, 1964, Kraft Realty Co. received a broker's commission of $13,750, representing 5% of the sale price. Appellant demanded a one-half share of the commission, but has received no part of it.

Respondent Ramsey refuses to pay to appellant any share of the commission on the ground that her own Montana real estate license would be jeopardized should she make such payment to appellant, who is not licensed as a real estate broker in Montana. Appellant claims that he advised respondent Ramsey on the occasion of their initial contact that he was not licensed as a real estate broker pursuant to Montana law, while respondent Ramsey alleges that some time after completion of the sale she first discovered that appellant was not so licensed.

After consummation of the sale, respondent married, thereby becoming Dorothy Kraft Ramsey, and moved to Idaho. For this reason, appellant brought suit in Idaho seeking to collect a one-half portion of the commission, and treble damages under Montana's Real Estate License Act, § 66–1940(b),[1] Revised Codes of Montana (1963). Both appellant and respondents moved for summary judgment in the trial court. Appellant now appeals from the summary judgment entered in respondents' favor, and from the order denying him summary judgment.

The principal issue is whether by Montana law the understanding between appellant and respondent Ramsey constituted an illegal agreement, inasmuch as appellant was unlicensed in Montana, so that such agreement cannot now be enforced.

Both parties concur that an agreement between real estate brokers to share a commission is not within the statute of frauds and may be made orally. Reilly v. Maw, 146 Mont. 145, 405 P.2d 440 (1965); Iusi v. Chase, 169 Cal.App.2d 83, 86, 337 P.2d 79, 81 (1959).

The controlling statute is Montana's Real Estate License Act of 1963, §§ 66–1924 through 66–1946, Revised Codes of Montana (1963). That statute, at Section 66–1924,

1. "In case any person in a civil action is found guilty of having received any money, or the equivalent thereof, as a fee, commission, compensation, or profit by or in consequence of a violation of any provision of this act, he shall in addition, be liable to a penalty of not less than the amount of the sum of money so received and not more than three times the sum so received, as may be determined by the court, which penalty may be recovered in any court of competent jurisdiction by any party aggrieved."

provides that from and after its effective date:

"* * * it shall be unlawful for any person to engage in or conduct, directly or indirectly, or to advertise or hold himself out as engaging in or conducting the business, or acting in the capacity of a real estate broker or a real estate salesman within this state without first having procured a license as such broker or salesman, as provided in this act."

It provides further, in Section 66–1936, as follows:

"66–1936. TRANSACTIONS WITH NON RESIDENTS AND WITH NON-LICENSED BROKERS OR SALESMEN. CONSENT TO LEGAL PROCESS. (a) It is unlawful for any licensed broker to employ or compensate directly or indirectly any person for performing any of the acts regulated by this act who is not a licensed broker or licensed salesman; provided, however, that a licensed broker may pay a commission to a licensed broker of another state so long as such non-resident broker has not conducted and does not conduct in this state any service for which a fee, compensation or commission is paid; * * *"

Section 66–1937, in part, reads:

"66–1937. The commission may, upon its own motion, and shall, upon the sworn complaint in writing of any person, investigate the actions of any real estate broker or any real estate salesman and shall have the power to revoke or suspend any license issued under this act whenever the broker or salesman has been found guilty by a majority of the commission of any of the following practices:

* * * * * *

" (16) Paying a commission or compensation to any person for performing the services of a real estate broker or real estate salesman who has not first secured his license under this act; * * *"

█ Respondent Ramsey argues that since appellant's claim is based wholly upon an allegedly illegal contract, i. e., an agreement by Ramsey to do an act specifically prohibited by the applicable Montana statute, appellant may not base or enforce any action upon such agreement. "A void contract cannot be enforced, no matter what hardship it may work, or how strong the equities may appear." McManus v. Fulton, 85 Mont. 170, 278 P. 126, 67 A.L.R. 690 (1929); Glass v. Basin and Bay State Min. Co., 31 Mont. 21, 77 P. 302 (1904); Hutterian Brethren of Wolf Creek, etc. v. Haas, 116 F.Supp. 37 (D.C.Mont.1953); see also Hames v. City of Polson, 123 Mont. 469, 484, 215 P.2d 950, 958 (1950); Hancock v. Elkington, 67 Idaho 542, 545, 186 P.2d 494, 496 (1947); Stearns v. Williams, 72 Idaho 276, 240 P.2d 833 (1952); Whitney v. Continental Life and Accident Company, 89 Idaho 96, 403 P.2d 573 (1965).

Appellant has cited cases from other jurisdictions to support his contention that, while licensing statutes are intended to protect the general public from being imposed on by persons not qualified to render a professional service, nevertheless, an unlicensed member of a profession should be permitted recovery for services rendered to a licensed member of the same profession or trade. According to appellant, the reason for the rule denying enforceability does not exist when persons engaged in the same profession or trade are dealing at arm's length with each other. See Howell v. Steffey, 204 A.2d 695 (D.C.1964); Edmonds v. Fehler & Feinauer Construction Co., 252 F.2d 639 (6th Cir. 1958); Wilson v. Stearns, 123 Cal.App.2d 472, 267 P.2d 59 (1954) (real estate brokers); Kennoy v. Graves, Ky., 300 S.W.2d 568 (1957) (Engineer); Dow v. United States, 154 F.2d 707 (10th Cir., 1946); Matchett v. Gould, 131 Cal. App.2d 821, 281 P.2d 524 (1955); Norwood v. Judd, 93 Cal.App.2d 276, 209 P.2d 24 (1949) (Contractors); Ferris v. Snively, 172 Wash. 167, 19 P.2d 942, 90 A.L.R. 278 (1933); Cain v. Burns, 131 Cal.App.2d 439, 280 P.2d 888 (1955); White v. Little, 131 Okl. 132, 268 P. 221 (1928); Martindale v. Shaha, 51 Okl. 670, 151 P. 1019 (1915) (Attorneys); Tri-Q, Inc. v. STA-HI Cor-

poration, 63 Cal.2d 199, 45 Cal.Rptr. 878, 404 P.2d 486 (1965); see also supplement, Williston on Contracts, vol. 6, Revised Edition, § 1766 at p. 63 (1938).

■ Appellant's argument might be persuasive were it not for the definitive Montana statute, § 66–1937, supra, which deals precisely with the situation at bar. Both parties agree that appellant, in showing the Goat Mountain Ranch to McPhersons and other prospective purchasers, performed acts and services within Montana for which a fee, compensation, or commission is normally paid a real estate broker. Such being the fact, Section 66–1937 is dispositive of appellant's complaint; it would be unlawful for respondent Ramsey to compensate appellant directly or indirectly pursuant to the fee-splitting arrangement. The agreement, therefore, is unenforceable. See 17 Am. Jur.2d, Contracts, §§ 174, 177, 179 and 223 (1964); 17 C.J.S. Contracts § 272 (1963); Zimmerman v. Brown, 30 Idaho 640, 166 P. 924 (1917) (license certificate for selling stallion); Hancock v. Elkington, supra.

Merchants' Protective Ass'n v. Jacobsen, 22 Idaho 636, 127 P. 315 (1912); Gilbert v. Edwards, 276 S.W.2d 611, 618, 620 (Mo. 1955) (real estate commission); Furman v. Keith, 226 S.W.2d 218 (Tex.Civ.App.1949) (real estate commission); State Realty Co. v. Wood, 190 Va. 321, 57 S.E.2d 102 (1950)

(assignment of real estate contract); Owens v. Capri, 65 Wyo. 325, 202 P.2d 174 (1949) (real estate commission); Tobin v. Courshon, 155 So.2d 785, 99 A.L.R.2d 1147, Fla. App., 156 So.2d 17 (Fla.1963) (attorney commission); Reiter v. Greenberg, 18 A.D. 2d 1093, 239 N.Y.S.2d 620 (1963) (stockbroker commission); Real Estate Multiple Listing Exchange v. Rubin, 7 Misc.2d 194, 168 N.Y.S.2d 645 (1957) (real estate broker); S. D. Stanson, Inc. v. McDonald, 147 Ohio St. 191, 70 N.E.2d 359, 169 A.L.R. 760 (1946) (real estate broker).

■ Similarly, a surety bond conditioned upon compliance with a statute will not be liable for an unenforceable agreement prohibited by the statute. § 66–1933, Real Estate License Act, Revised Codes of Montana (1963); S. D. Stanson, Inc. v. McDonald, supra; Central Nat. Bank of Mattoon v. Fidelity & Deposit Co. of Md., 324 F.2d 830 (7th Cir. 1963) (warehouseman's surety); Massachusetts Bonding & Ins. Co. v. Gottlieb, 15 S.W.2d 1020 (Tex. Com.App.1929) (salesman's bond); Mound v. Barker, 71 Vt. 253, 44 A. 346 (1899) (rent guarantee); 72 C.J.S. Principal and Surety § 20 (1951).

Summary judgment affirmed. Costs to respondents.

TAYLOR, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.