AMERICAN FEDERATION OF LABOR *et al v.* ROANE-ANDERSON CO.

(*Knoxville,* September Term, 1947.)

Opinion filed November 29, 1947.

PORTER C. GREENWOOD and RUSSELL R. KRAMER, both of Knoxville, for complainant.

BEN KOHLER, JR., of Knoxville, for defendants.

MR. CHIEF JUSTICE NEIL delivered the opinion of the court.

The complainant filed its original bill in the Chancery Court of Anderson County, seeking a declaratory judgment as to the effect of the Anti-Closed Shop Act, Chapter 36, Public Acts of Tennessee 1947, upon a contract signed by plaintiff in error and the defendant on February 17, 1947, to become effective on February 24, 1947. The plaintiff in error will be hereinafter referred to as the "Union." As a labor organization, it entered into a contract with the defendant, acting through the Knoxville Building Trades Council as its agent. The said Trades Council was authorized to negotiate a collective bargaining agreement with the defendant, covering wages, hours, and working conditions for those employees included within the certified bargaining unit. The agreement was signed by the official representative of the Union and also the defendant. The said agreement not only covered wages, hours, and working conditions, but provided for what is commonly known as a "closed shop." On February 19, 1947, the Legislature enacted Chapter 36, Acts of 1947, which was approved by the Governor on February 21, 1947. The effect of this statute was to make it unlawful to exclude from employment any person "by reason of . . . membership in, affiliation with, resignation from, or refusal to join or affiliate with any labor union," etc. In other words, it outlawed all contracts which provided for a closed shop and fixed penalties for the violation of the law.

The constitutionality of the foregoing statute is not

raised in this proceeding. In deciding the question before us, the act will be treated as a valid act.

Section 4 of the act provides: "That the provisions of this act shall not apply to any lawful contract in force on the effective date of this Act; but shall apply in all respects to contracts entered into thereafter, and to any renewal or extension of any existing contract."

Subsequent to the passage of the act, the defendant notified the Union that it considered Article III of the bargaining agreement, which provided for the "closed shop," as being invalidated by said act. Upon receipt of this notice the Union filed its bill seeking a declaratory judgment as to the rights of the parties. The Chancellor sustained the contention of the defendant, holding that the bargaining agreement was not "in force" on the date of the passage of the act. From this decree an appeal was taken to this Court.

The contentions of the Union and the defendant, as found on page 2 of appellant's brief, present in clear and concise language the legal question that is made in the assignments of error, as follows:

"Contentions of Complainants—

"(1) That the collective bargaining agreement with the defendant which was executed on February 17, 1947, and which provided that it was to become effective on February 24, 1947, was 'in force' on and after February 17, 1947, and hence was in nowise affected by Chapter 36, Public Acts of Tennessee, 1947."

"Contentions of Defendant—

"(1) That the agreement, although executed on February 17, 1947, was not to become effective by its terms until February 24, 1947, therefore, said agreement was not 'in force' on February 21, 1947, and hence Section III of

the agreement which provided for a union shop was invalidated by Chapter 36."

It is argued by counsel for the complainants that the contract in question is not executory in its terms, that it was "in force" on and after February 17, 1947; that nothing remained for the parties to do, and that complainants acquired certain vested rights by virtue of its provisions.

We are in agreement with counsel that agreements are to be construed in accordance with the obvious intention of the parties. But their intention, however strongly expressed, cannot prevail with regard to certain conditions which are not to become operative until after the passage of an act rendering them unlawful. The agreement between the parties was in force in the sense that it was duly signed on February 17, 1947. But the closed shop feature of the contract was not to become operative or enforceable until February 24, 1947. The complainant filed as an exhibit to the original bill a printed copy of the agreement and on the front page there appears the following in bold type: "Effective February 24, 1947." Until that date the defendant was not bound to take notice of the fact that an employee was or was not a member of a union.

We are not unmindful of authorities to the effect that parties to a contract may by its terms bind themselves to some future transaction, as in *Levering* v. *Mayor,* 26 Tenn. 553, and *McKell* v. *Chesapeake & Ohio Ry.,* 6 Cir., 175 F. 321, 20 Ann. Cas. 1097. But it is well settled that contracts are divisible and, if the thing that is to be done in the future is declared unlawful, the parties are excused from abiding by its terms.

In *Williston on Contracts,* Vol. VI, section 1759, p. 4995, it is said: "In the converse case where the contract

was originally legal, but because of a change in purpose of the parties, or a change in the law performance of the acts contracted for on one side or the other has become illegal any subsequent performance of such acts is against public policy and the party who has undertaken to perform them is excused from so doing; if a material part of the performance. contracted for is illegal the other party in any contract for an agreed exchange is also excused."

To the same effect see *Restatement of the Law* (*Contracts*), section 286, under the title "Prospective Inability caused by Supervening Illegality." The foregoing text finds support in many important cases. It is only necessary to refer to the following: In *Re Shipton* (1915), 3 K. B. (Eng.) 676; *Massillon Sav. & L. Co.* v. *Imperial Finance Co.*, 114 Ohio St. 523, 151 N. E. 645; *Norman* v. *Baltimore & O. R. Co.*, 294 U. S. 240, 55 S. Ct. 407, 79 L. Ed. 885, 95 A. L. R. 1352; *Nortz* v. *United States*, 294 U. S. 317, 55 S. Ct. 428, 79 L. Ed. 907, 95 A. L. R. 1346; *Heart* v. *East Tenn. Brewing Co.*, 121 Tenn. 69, 113 S. W. 364, 19 L. R. A., N. S. 964, 130 Am. St. Rep. 753. In the later case, the Court had under consideration the liability of a tenant for rent under a lease contract. The property was used as a saloon. Prior to the expiration of the lease, the Legislature passed a statute prohibiting the sale of intoxicating liquors. In excluding the tenant from liability, MR. JUSTICE SHIELDS, speaking for the Court, said: "When the contract was made, the purpose for which the property was leased—the sale of intoxicating liquors in Knoxville—was lawful, and the lease valid and enforceable. Afterwards, November 1, 1907, that purpose was made unlawful by the acts of the General Assembly above referred to, and thus by operation of

law the lease became and is void and unenforceable at the instance of either party.''

After citing a number of cases, it was further observed: ''The rule is the same when the purpose of the contract, although lawful when made, becomes unlawful by statute enacted before the full performance of its terms.''

In the light of the foregoing authorities, we cannot do otherwise than overrule the assignments of error and affirm the decree of the Chancellor.

All concur.