Mark **BEGLEY**, Plaintiff,

v.

The **CORPORATION OF MERCER UNIVERSITY**, Defendant.

Civ. A. No. 2975.

United States District Court,
E. D. Tennessee,
Northeastern Division.

July 11, 1973.

Walter O. Waddey, of Hunter, Smith, Davis, Norris, Waddey & Treadway, Kingsport, Tenn., for plaintiff.

R. Wayne Culbertson, of Gilley & Culbertson, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION

NEESE, District Judge.

This removed diversity action involves a college basketball scholarship or grant-in-aid awarded to a high school student athlete. 28 U.S.C. §§ 1332(a)(1), (c), 1441(a). The latter, Mr. Mark Begley, a Tennessee citizen, seeks mon-

ey damages for the breach of such agreement from the defendant The Corporation of Mercer University (Mercer), a Georgia corporation. Such defendant moved to dismiss the complaint because of its purported failure to state a claim upon which relief can be granted. Rule 12(b)(6), Federal Rules of Civil Procedure. As matters outside the pleadings are stipulated, the defendant's motion is treated as one for summary judgment and disposed of as provided in Rule 56, Federal Rules of Civil Procedure. Rule 12(b), *supra*.

The essential stipulated facts are that Mr. Begley and Mercer entered into a contract on January 1, 1972, whereby Mr. Begley would receive from Mercer monetary aid amounting to an aggregate of $11,208 to assist him in seeking an undergraduate degree at that institution in exchange for his participation in Mercer's intercollegiate basketball team program. That contract is as follows:

MERCER UNIVERSITY

MACON, GEORGIA 31270

(912) 743–1511

STUDENT AID CONTRACT FOR ATHLETES

The undersigned student will receive aid amounting to $11,208 toward the completion of an undergraduate degree for participating in the following sport (xx):

BASKETBALL provided that he:

x
1. Abides by all University Regulations
2. Keeps all training rules
3. Maintains satisfactory progress toward graduating and a minimum average of 1.6
4. Abides by all rules and regulations of the NCAA

s/ Mark Keene Begley
(STUDENT)

s/ H. C. Begley
s/ Mrs. H. C. Begley
(PARENT OR GUARDIAN)

Date: January 1, 1972 s/ A Gerald Stanley
(DIRECTOR OF ATHLETICS)

At the time this controversy arose, Mercer was a member institution of the National Collegiate Athletic Association (NCAA) and required to comply with NCAA regulations. Among those regulations was the following:

\* \* \* \* \* \*

(b) A member institution shall not be eligible to enter a team or individual competitors in an NCAA–sponsored meet, unless the institution in the conduct of all its inter-collegiate athletic programs:

(1) Limits its scholarship or grant-in-aid awards \* \* \* to student athletes who have a predicted minimum grade point average of at least 1.600 (based on a maximum of 4.000) as determined by the Association's national prediction tables or Association-approved conference or institutional tables. \* \* \*

The plaintiff was advised by Mr. Jay N. Nidiffer, an assistant basketball coach at Mercer, while the foregoing agreement was being negotiated, that his transcript from Dobyns–Bennett high school, Kingsport, Tennessee, reflected that his grade was 2.9 and that such grade, plus a score of 760 Mr. Begley had attained on a scholastic aptitude test, was sufficient to render him eligible for the scholarship or grant-in-aid involved. However, on July 17, 1972, it was discovered by admissions officers of Mercer that the aforenamed high school based its grade point average on a maximum of 8.000, as determined by NCAA's national prediction tables or NCAA-approved conference or institutional tables. This, obviously, reduced by one-half the previously considered high school grade point average of Mr. Begley. By letter of August 2, 1972, Mr. Nidiffer repudiated the foregoing agreement on behalf of Mercer, and Mr. Begley enrolled subsequently at Hiwassee junior college.

█ The contract of the parties was made in Tennessee and is governed by Tennessee law. Under Tennessee law, " \* \* \* agreements are to be construed in accordance with the obvious intention of the parties. \* \* \* " American Federation of Labor v. Roane-Anderson Co. (1947), 185 Tenn. 363, 206 S.W.2d 386, 387 [1]. It was

the obvious intention of Mercer to extend monetary aid in the stipulated amount to Mr. Begley for his use in working toward the completion of an undergraduate degree in exchange for his participation in its basketball program, provided that he abided by its regulations, kept its training rules, maintained satisfactory progress toward graduating and a minimum average of 1.6, and abided by all rules and regulations of the NCAA. It was the obvious intention of Mr. Begley to participate in Mercer's basketball program, to abide by Mercer's regulations, to keep its training rules, to maintain satisfactory progress toward graduating and a minimum average of 1.6, and to abide by rules and regulations of the NCAA in exchange for the aforementioned monetary aid toward his completion of an undergraduate degree.

From the commencement of such agreement, Mr. Begley was unable to comply with the fourth condition subsequent of the contract, *viz.*: the moment he started performance of his contract he would have been unable to abide by the aforequoted regulation of the NCAA, in that he did not have a predicted minimum grade point average of 1.6 or more based on a maximum of 4.0. " \* \* \* It is \* \* \* the rule that where one party is unable to perform his part of the contract, he cannot be entitled to the performance of the contract by the other party. \* \* \* " 17 Am.Jur. (2d) 791–792, Contracts, § 355.

Mr. Nidiffer obviously made a mistake in his investigation of Mr. Begley's ability to perform his part of the bargain reached, *i. e.*, Mr. Nidiffer considered that he was dealing with the usual high school grading system on the basis of a maximum of 4.0, while in fact such system was based on a maximum of 8.0. Mercer's resulting promise could not be performed without the consent of the NCAA. The Court notices judicially that the NCAA could not consent to Mercer's violation of the aforequoted NCAA regulation without a change in that organization's regulations, affecting all its member institutions.

■ The nature of the contract of the parties is such that Mercer did not assume the risk that the NCAA would not consent to its member's performance thereof. The agreement related to a college basketball scholarship for Mr. Begley. Mercer was bound to abide by the rules and regulations of the NCAA, and the contract of the parties bound Mr. Begley to abide by those rules and regulations. It is patent that Mercer could not have contracted on any other basis without violating its agreement with the NCAA. Because Mercer is unable to secure the consent of the NCAA to violate the latter's regulations, and because of the nature of the agreement between Mercer and Mr. Begley, the indication is inescapable that Mercer did not assume the risk in contracting with Mr. Begley that NCAA's consent would be forthcoming. It is Mr. Begley who seeks damages from Mercer because of its inability to perform its promise; but, under the circumstances presented, Mercer is excused from liability for its inability to perform its promise to Mr. Begley. See and *cf.* Allen v. Elliott Reynolds Motor Co., (1950), 33 Tenn.App. 179, 230 S.W.2d 418, 423–424 [11], certiorari denied (1950).

While " \* \* \* a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief \* \* \*," Conley v. Gibson (1957), 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 [4], this Court finds and concludes that it appears from the stipulated facts that Mr. Begley can prove no set of facts in support of his claim herein which would entitle him to relief. For this reason, the motion of the defendant of January 15, 1973 hereby is sustained, and the plaintiff hereby is denied all relief. Rule 58(1), Federal Rules of Civil Procedure.