CHARLES WEINBLATT, Plaintiff, v. PARKWAY-ST. JOHNS PLACE CORPORATION, Defendant.*

Supreme Court, New York County, April 24, 1930.

*Percival E. Jackson,* for the plaintiff.

*Sayers Brothers,* for the defendant.

McGOLDRICK, J.   There is presented here for construction section 442-f of the Real Property Law.*   Plaintiff alleges that he is an attorney at law, duly licensed to practice as such in the courts of the State of New York, and is engaged in the practice of his profession and also in the real estate brokerage business in the city of New York. He sues to recover the reasonable value of his services as a broker in securing a lessee for the defendant. This motion is to dismiss the complaint as defective in that it does not allege that plaintiff was licensed to act as a real estate broker. The point is judicially new. The clause in question reads: " The provisions of this article shall not apply to   *   *   *   public officers while performing their official duties, or attorneys at law."   Defendant would have it read:   " *   *   *   shall not apply to public officers or attorneys at law while performing their official duties."

The contention of the defendant is not sound and for two reasons: (1) Because the Legislature made the clause read the first way

---

* Affd., 229 App. Div. 865.

† Added as § 442-g by Laws of 1922, chap. 672, and renumbered § 442-f by Laws of 1926, chap. 831, in effect May 11, 1926.— [REP,

and not the second; (2) because it is clear that the legislative intent was to make it read the first way and not the second. In this connection the use of the comma is significant. Being in derogation of the common law this statute must be strictly construed. It may not be extended by implication, as a failure to secure such license is made a crime. For instance, the Court of Appeals has held that: "It does not apply to one who exercises the calling of selling or exchanging businesses as going concerns although, as part of the good will, such sales may include the lease of a store or building." (*Weingast* v. *Rialto Pastry Shop, Inc.*, 243 N. Y. 113, 117.)

Searching for a reason why the Legislature did not require "attorneys at law" to also secure such a license, it appears in the opinion of Chief Judge CARDOZO in *Roman* v. *Lobe* (243 N. Y. 51, p. 54) sustaining the validity of this law and wherein he states: "The Legislature has a wide discretion in determining whether a business or occupation shall be barred to the dishonest or incompetent (*People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 427; *Hall* v. *Geiger-Jones Co.*, 242 U. S. 539; *State* v. *De Verges*, 153 La. 349; C. W. Pound, Constitutional Aspects of Administrative Law in Growth of Administrative Law, 111, 112). Callings, it is said, there are so inveterate and basic, so elementary and innocent, that they must be left open to all alike, whether virtuous or vicious. If this be assumed, that of broker is not one of them. The intrinsic nature of the business combines with practice and tradition to attest the need of regulation. The real estate broker is brought by his calling into a relation of trust and confidence. Constant are the opportunities by concealment and collusion to extract illicit gains. We know from our judicial records that the opportunities have not been lost. With temptation so aggresive, the dishonest or untrustworthy may not reasonably complain if they are told to stand aside. Less obtrusive, but not negligible, are the perils of incompetence."

Presumptively, at any rate, the honesty and competency of "attorneys at law" are attested by a certificate of admission to practice their profession. Logically a lawyer must have passed a test at least equivalent to that required of an applicant to secure a license as a real estate broker.

"Attorneys at law" are officers of the court. Their relationship with clients is one of trust and confidence, a breach of which subjects them to discipline and removal. Motion denied.