Francis X. Conlon, J.
This is an application pursuant to article 78 of the Civil Practice Act to review a determination of the respondents which revoked the real estate broker’s and *709 salesman’s licenses of the petitioners. After the respondents answered, the petitioners moved for judgment on the pleadings.
There is no dispute concerning the fact situation. After the hearing had been terminated by the hearing officer, investigators were sent by him to gather additional evidence. The petitioners were not given notice of this and were not in a position to refute it in any way.
Ordinarily, the court would immediately transfer this proceeding to the Appellate Division pursuant to section 1296 of the Civil Practice Act. However, where the attack is made as a matter of law and not on the merits of the determination, the proceeding should be decided here. The question then is, did the action of the hearing officer render his decision null and void, as a matter of law ? The court is of the opinion that the answer should be in the affirmative. By casting himself in the role of an investigator, and seeking out evidence which the petitioners were not afforded the opportunity to test, he violated the traditional role of fairness and impartiality required of a hearing officer in his quasi-judicial capacity. The right to a hearing requires that the conduct thereof be fair and that the parties be apprised of all the evidence before the body and have an opportunity to refute it.
Accordingly, the motion is granted with respect to the petitioner Angelo T. Cianelli to the extent that the matter is remitted to the respondents for the purpose of holding a new hearing in accord with this determination.
With regard to the petitioner Andrew F. Cianelli, a different situation is presented. He is an attorney. Section 442-f of the Real Property Law specifically exempts attorneys from the provisions of article 12-A of the Real Property Law. Contained within this article is section 441-e which provides for the revocation and suspension of licenses. This petitioner had acquired his license solely on the ground that he was an attorney and it was issued without an examination or investigation. He argues that even though he had secured a broker’s license, as a matter of law, the respondents had no right to proceed against him. The respondents, in opposition, argue that where an attorney secures such license and deals in real estate he is subject to the provisions of the Real Property Law. No cases have been submitted by either party. Each relies on opinions of the Attorney-General, the petitioner’s being that contained in the 1923 report at page 246; the respondents’ being that contained in the 1928 report at page 183 and the 1931 report at page 108. These opinions are substantially in conflict. In the case of Weinblatt v. Pathway-St. Johns Place Corp. (136 Misc. 743, *710 affd. 229 App. Div. 865) the court held that an attorney at law is not required to be licensed pursuant to section 442-f of the Beal Property Law in order to act as a broker. After discussing the reasons therefor, the court stated at page 744: ‘ ‘ ‘ Attorneys at law ’ are officers of the court. Their relationship with clients is one of trust and confidence, a "breach of which subjects them to discipline and removal.” (Emphasis supplied.) Thereafter the Attorney-General, referring to the Weinblatt case, stated that the prior opinion in 1928 had been overruled (48 N. Y. St. Dept. Rep. 574). Accordingly, the reliance of the respondents apparently was misplaced. It has long been the law that an attorney may be censured, suspended or disbarred for misconduct in other than his professional capacity. The American Bar Association has held that there is no condemnation of a lawyer for engaging in business while in active practice ; but that if he does so he must conduct his business with due observance of the standards of conduct required of him as a lawyer (Costigan, Legal Profession and Its Ethics, p. 116).
As the revocation of this petitioner’s license which it is unnecessary for him to have in order to engage in the real estate business, would not deprive him of the right to continue in business, it would indeed be an anomalous situation. If he has been so untrustworthy and his conduct has been so fraudulent and guilty, the only effective means of concluding the matter would be by a proper proceeding-pursuant to subdivision 2 of section 90 of the Judiciary Law.. Only the Appellate Division of the appropriate Department may censure, suspend or disbar a lawyer or deprive him of any license he has secured by virtue of his admission to the Bar. Accordingly, the motion of the petitioner Andrew F. Cianelli is granted.