In the Matter of ANDREW F. CIANELLI et al., Respondents, *v.* DEPARTMENT OF STATE OF THE STATE OF NEW YORK et al., Appellants.

First Department, May 22, 1962.

*Philip Kahaner* of counsel (*Paxton Blair* and *Irving Galt* with him on the brief; *Louis J. Lefkowitz, Attorney-General*), for appellants.

*David Stein* of counsel (*Joseph Kosofsky*, attorney), for respondents.

*Per Curiam.* After a hearing the Secretary of State revoked the license of the petitioner Andrew Cianelli as a real estate

broker and that of Angelo Cianelli as a real estate salesman. In an article 78 proceeding, Special Term annulled the determinations, directing a new trial as to Angelo and setting aside respondent's determination as to Andrew as a matter of law.

As to Angelo Cianelli, a question is raised as to whether the matter should have been heard at Special Term. Where the issue is the competency or sufficiency of proof, Special Term should direct that the cause be transferred to the Appellate Division (Civ. Prac. Act, § 1296; *Matter of Brenner* v. *Bruckman*, 253 App. Div. 607). Here the nature of the question is not altogether free from doubt. In determination of the issues the presence or absence of the petitioner from the city became a matter of some significance. After hearing the proofs, the officer conducting the hearing had one of his subordinates conduct an investigation at the places where the petitioner claimed he had been at the times in question. No opportunity to examine or contest the report following this investigation was afforded petitioner. The propriety of the receipt of the report and the weight given it by the trial officer present questions of competency and sufficiency of proof and, hence, Special Term's refusal to transfer was error. In such cases we are directed, if the record is sufficient, to treat the matter *de novo*, as if it had been transferred. After so doing we agree with the conclusion reached by Special Term that the matter should be remitted to respondent for a new trial. While it is true that hearsay testimony is admissible in an administrative proceeding (*Matter of Reynolds* v. *Triborough Bridge & Tunnel Auth.*, 276 App. Div. 388), the acceptance of this evidence goes beyond that. No opportunity was afforded to explain or refute it. While the hearing officer states in his affidavit that he was convinced of the validity of the charges prior to his receipt of the report and that the issue embraced in it was not of major import, the effect cannot be condoned. The concept of a trial is violated by the ex parte receipt of evidence regardless of the effect the hearing officer may deem it to have had.

As regards Andrew Cianelli, the same considerations would affect the determination. However, in his case Special Term for an additional reason went further and annulled the determination finally as a matter of law. This was on the ground that this petitioner was a lawyer and respondent had no jurisdiction over him. It is true that as an attorney this petitioner could act as a broker without a license (Real Property Law, § 442-f).

However, this does not mean that his license as a broker is not subject to regulation by the respondent. As a broker he was privileged to do things that he could not do as an attorney — for example, he could hire real estate salesmen and he could advertise. And having elected to obtain a license and to act pursuant to it, he is subject to respondent's jurisdiction over licenses. And this continues despite the fact revocation of the license would not affect those rights which petitioner might exercise in regard to real estate transactions by virtue of his membership in the Bar.

The order should be modified to vacate that part which annuls the determination as to Andrew Cianelli, and the proceeding as to both petitioners should be remanded for a new hearing, without costs.

RABIN, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on May 26, 1961, so far as appealed from, unanimously modified, without costs, to the extent of vacating that part of the order which annuls the determination as to Andrew F. Cianelli, and the proceeding as to both petitioners remanded for a new hearing.