Hon. Basil A. Paterson Secretary of State State of New York Department of State
This is in response to your request for an opinion as to whether an attorney admitted to practice in the State of New York, who has obtained a license as a real estate broker, is subject to the continuing education requirements which became effective on November 1, 1979, under section 441, subd. (3) of the Real Property Law.
The Secretary of State's jurisdiction over the issuance and regulation of real estate broker's licenses is governed by Article 12-A of the Real Property Law. Section 442-f of that Law provides that the provisions of Article 12-A do not apply to, inter alia, attorneys at law. The provision is unqualified, reading as follows:
 "The provisions of this article shall not apply to * * * attorneys at law."
The basis for exempting attorneys for the licensing requirements for real estate brokers was stated by the court in Weinblatt v Parkway —St. Johns Place, (136 Misc. 743, 744 [Sup. Ct., New York Co., 1930], affd229 App. Div. 865 [1st Dept, 1930] as follows:
 "Presumptively, at any rate, the honesty and competency of `attorneys at law' are attested by a certificate of admission to practice their profession. Logically a lawyer must have passed a test at least equivalent to that required of an applicant to secure a license as a real estate broker.
 "`Attorneys at law' are officers of the court. Their relationship with clients is one of trust and confidence, a breach of which subjects them to discipline and removal."
It is my understanding that the Department of State does not require attorneys to comply with the educational, experience and examination requirements of section 441, subd. (1), of the Real Property Law when they elect to obtain a real estate broker's license. By the same token, it is consistent with the statutory design of Article 12-A not to require their compliance with the requirements of section 441, subd. (3).
While an attorney's authority to engage in most aspects of real estate brokerage without a license is broad, it is not unlimited (see, e.g.,Matter of Cianelli v Department of State, 16 A.D.2d 352, 354 [1st Dept, 1962]; 1931 Op Atty Gen 108). An attorney who acts as a real estate broker without obtaining a real estate broker's license cannot obtain the benefits of advertising as a licensed real estate broker and cannot employ real estate salesmen to work under him. By obtaining a real estate broker's license an attorney thus gains privileges which are not otherwise available to him.
It was because of the additional privileges granted to an attorney who obtains a real estate broker's license that the Court in Matter ofCianelli v Department of State (supra, at 354) held that an attorney who elects to obtain a license and act pursuant to it is subject to the jurisdiction of the Secretary of State over the license.
Matter of Cianelli involved the authority of the Secretary of State to revoke the license of an attorney who had obtained a real estate broker's license. In my opinion, however, the reasoning used by the Court inMatter of Cianelli should be applied only to situations involving the Secretary of State's authority to control the conduct of licensed real estate brokers and should not be extended to require attorneys who elect to obtain real estate broker's licenses to meet the educational requirements imposed by Article 12-A of the Real Property Law on other licensed real estate brokers. Such a result would be an unwarranted emasculation of the legislative intent expressed in section 442-f not to apply the provisions of Article 12-A to attorneys.
The privileges which attorneys gain by obtaining a real estate broker's license have no relation to the educational requirements contained in Article 12-A of the Real Property Law. Indeed, as the Court noted inMatter of Cianelli (supra at 354), an attorney could continue to perform most of the functions of a real estate broker even if his real estate broker's license were suspended or revoked by the Secretary of State.
The Legislature, by exempting attorneys from the provisions of Article 12-A of the Real Property Law, has recognized that the educational and examination requirements for admission to practice as an attorney adequately prepare attorneys to act as real estate brokers.
Therefore, I conclude that an attorney who has obtained a license as a real estate broker is not subject to the continuing education requirements who became effective on November 1, 1979, under section 441, subd. 3, of the Real Property Law.