Hon. Basil A. Paterson Secretary of State Department of State
This is in response to your request for an opinion as to whether a professional service corporation consisting solely of attorneys duly admitted to practice law in New York State may earn a real estate brokerage commission in connection with the sale or leasing of real property and whether the professional service corporation is exempt from licensure as a real estate broker.
The licensing of real estate brokers is governed by Article 12-A of the Real Property Law. However, the provisions of Article 12-A do not apply to, inter alia, attorneys at law. Section 442-f of the Real Property Law provides:
 "The provisions of this article shall not apply to * * * attorneys at law."
It is thus clear that real estate brokerage services are among those services which attorneys at law may lawfully render to the public by reason of their admission to the practice of law.
In 1970 the Legislature enacted Article 15 of the Business Corporation Law (L 1970, ch 974, § 1), which permits "one or more individuals duly authorized by law to render the same professional service within the [S]tate" to organize a professional service corporation "for the purpose of rendering the same professional service" (Business Corporation Law, § 1503, subd [a]). Section 1506 of the Business Corporation Law specifically provides that:
 "No professional service corporation shall engage in any business other than the rendering of the professional services for which it was incorporated. * * *"
This section would appear to place a strict limitation on the services which a professional service corporation may lawfully perform.
However, the Legislature has given a very broad meaning to the term professional service. Section 1501, subdivision (c), of the Business Corporation Law defines professional service as follows:
 "(c) `Professional Service' means any type of service to the public which may be lawfully rendered by a member of a profession within the purview of his profession."
The question thus becomes whether real estate brokerage services are rendered by an attorney within the "purview" of his profession. While the term "purview" has a strict legal definition when referring to the body of a statute, the term is clearly not used in this sense in section 1501. In its more general sense the term is defined to mean "the range or limit of authority, competence, responsibility, concern or intention" (Webster's Third New International Dictionary).
By becoming licensed to practice law an attorney earns the right to render real estate brokerage services to the public without obtaining any further license. Such services are, therefore, within the limits of authority of the profession of an attorney. Thus, it appears that the Legislature intended a professional service corporation consisting solely of attorneys duly admitted to practice law to have the same authority to perform real estate brokerage services as an individual attorney.
Dictionary definitions are useful but are not always controlling in construing the meaning of statutes. (See, generally, McKinney's Consolidated Laws of New York, Book 1, Statutes, § 234). However, the legislative history of Article 15 of the Business Corporation Law indicates that the Legislature did not intend to restrict the services which may be lawfully performed by professionals solely by reason of their election to form a professional service corporation. The intent of the legislation was to provide Federal tax benefits to professionals electing to incorporate and to allow them to organize their activities more efficiently (Governor's Memorandum on Approving L 1970, ch 974, 1970 Legis. Annual 529; Memorandum of Senator Anthony B. Gioffre on L 1970, ch 974, 1970 Legis. Annual 126).
The Legislature has provided that only individuals authorized by law to practice the same profession that a professional service corporation is authorized to practice may be issued shares of the corporation (Business Corporation Law, § 1507) and that such corporations may render professional services only through individuals authorized by law to render the services (Business Corporation Law, § 1504, subd [a]). Professional service corporations authorized to practice law are subject to regulation and control by the State's courts to the same extent as individual attorneys (Business Corporation Law, § 1503, subd [e]). Thus, a professional service corporation consisting solely of attorneys will be composed entirely of individuals who have met the educational, examination and character requirements for admission to practice law, and both the individual attorneys and the corporation will be subject to discipline by the courts of the State.
Individual attorneys have been exempted from the licensing requirements for real estate brokers because both the honesty and the competency of attorneys are strictly controlled by the courts (see, Weinblatt vParkway-St. Johns Place, 136 Misc. 743, 744 [Sup Ct, New York Co, 1930], affd 229 App. Div. 865 [1st Dept, 1930]; 1923 Op Atty Gen 246). In authorizing attorneys to organize professional service corporations the Legislature has insured that the same procedures used for monitoring the honesty and competency of attorneys will apply to professional service corporations practicing law and their shareholders. The provisions of the Business Corporation Law authorizing the formation of professional service corporations indicate that the Legislature intended to authorize such corporations to perform the same services that individual members of the profession may perform.
Therefore, I conclude that a professional service corporation consisting solely of attorneys duly licensed to practice law is exempt from licensure as a real estate broker and may earn a real estate brokerage commission in connection with the sale or leasing of real property.