180 N.J. Super. 180 (1981)
434 A.2d 623
ANTHONY SPIRITO, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, NEW JERSEY REAL ESTATE COMMISSION, IN THE DEPARTMENT OF INSURANCE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 20, 1981.
Decided July 31, 1981.
*181 Before Judges BOTTER, KING and McELROY.
Kentz, Gilson & O'Hara, attorneys for appellant (Anthony P. Spirito, on the brief).
James R. Zazzalli, Attorney General of New Jersey, attorney for respondent (John J. Degnan, former Attorney General and Elise Goldblat, Deputy Attorney General, on the brief; Erminie L. Conley, Assistant Attorney General, of counsel).
The opinion of the court was delivered by BOTTER, P.J.A.D.
Appellant is an attorney who was admitted to practice in New Jersey in 1970. By letter written to the New Jersey Real Estate Commission he applied for the issuance of a real estate broker's license to The Spirito Agency, Inc., his wholly-owned corporation. He claimed a right to the license by virtue of his status as a New Jersey attorney exempted by N.J.S.A. 45:15-4 from the provisions of the Real Estate Brokers and Salespersons Licensing Law, N.J.S.A. 45:15-1 et seq. The license was needed, he said, to permit him to advertise as a licensed New Jersey real estate broker, and because other brokers and salespersons were unwilling to work or associate with "a broker" who does not have a license. Relying on an Attorney General's opinion which it sought after receiving appellant's request, the Real Estate Commission ruled that appellant was not entitled to a license without complying with the apprenticeship and testing requirements of N.J.S.A. 45:15-9 and 10. The Commission ruled that his status as an attorney did not give appellant an automatic right to be licensed as a real estate broker. This appeal is taken from that decision.
*182 N.J.S.A. 45:15-1 et seq. is a comprehensive statutory scheme governing the licensing of real estate brokers and real estate salespersons. N.J.S.A. 45:15-1 states in the broadest of terms: "No person shall engage either directly or indirectly in the business of a real estate broker or salesman," nor shall anyone be permitted "to advertise or represent himself" as such or engage in any activities of a real estate broker or salesperson described in N.J.S.A. 45:15-3, "without being licensed so to do as hereinafter provided." The regulated activities are described in N.J.S.A. 45:15-3 by defining a real estate broker to include one who, for compensation, buys, sells, rents or collects rent, or who offers or attempts to negotiate the sale or rental of real estate on behalf of others, or who negotiates for others a loan secured by a mortgage on real estate. A "real estate salesman" is defined by N.J.S.A. 45:15-3 as a person who, for compensation, "is employed by and operates under the supervision of a licensed real estate broker" to engage in the same activity. Corporations or firms may engage in the activities of a real estate broker or salesperson so long as their directors or officers are appropriately licensed. N.J.S.A. 45:15-9 and 10. No person, firm, association or corporation may maintain an action in the courts of this State to collect compensation for services as a broker unless he was licensed at the time the claim arose. N.J.S.A. 45:15-3; see Tanenbaum v. Sylvan Builders, Inc., 29 N.J. 63, 71 (1959).
N.J.S.A. 45:15-4 provides an exemption from the act for certain persons and entities as follows:
The provisions of this article shall not apply to any person, firm, partnership, association or corporation who, as a bona fide owner or lessor, shall perform any of the aforesaid acts with reference to property owned by him, nor shall they apply to or be construed to include attorneys at law, receivers, trustees in bankruptcy, executors, administrators or persons selling real estate under the order of any court or the terms of a deed of trust, state banks, federal banks, savings banks and trust companies located within the state, or to insurance companies incorporated under the insurance laws of this state.
Appellant contends that the exemption for attorneys is unqualified and means that licensed New Jersey attorneys can perform the same services as a real estate broker without the need to *183 comply with the provisions of N.J.S.A. 45:15-1 et seq. Addressing this contention the Attorney General issued Formal Opinion 13-1979. Since it cogently supports the Commission's position we set it out in full (incorporating the two footnotes into the text by the use of brackets):
 Joan Haberle, Secretary Director
 Real Estate Commission
 201 East State Street
 Trenton, New Jersey

FORMAL OPINION NO. 13-1979
Dear Ms. Haberle:
You have asked for our opinion as to whether attorneys authorized to practice law in New Jersey are totally exempt from the licensure requirements and regulatory provisions of the Real Estate License Act. You are advised that with the exception of activities pertinent to and within the scope of their responsibilities in the practice of law, attorneys are subject to its provisions.
Your inquiry turns on an interpretation of the exemption provision of the Real Estate License Act, which states as follows:
"The provisions of this article shall not apply to any person, firm, partnership, association or corporation who, as a bona fide owner or lessor, shall perform any of the aforesaid acts with reference to property owned by him nor shall they apply to or be construed to include attorneys at law, receivers, trustees in bankruptcy, executors, administrators, or persons selling real estate under the order of any court or the terms of a deed of trust, state banks, federal banks, savings banks and trust companies located within the state, or to insurance companies incorporated under the insurance laws of this state." N.J.S.A. 45:15-4.
The historical development of this statutory exemption and its textual setting provide clear support for the view that it is limited to those real estate activities which are encompassed within the practice of law. This statute as originally enacted by Laws of 1921, c. 141, § 2, provided as follows:
`The provisions of this act shall not apply to any person, firm, association, partnership or corporation, who as owner or lessor, shall perform any of the acts aforesaid with reference to property owned by them; nor shall the provisions of this act apply to persons holding a duly executed power of attorney from the *184 owner for the sale, lease or exchange of real estate; nor shall this act be construed to include in any way attorneys at law; nor shall it be held to include a receiver, trustee in bankruptcy, administrator or executor, or any person selling real estate under order of any court, nor to a trustee selling real estate under a deed of trust.'
It was amended by Laws of 1925, c. 243, § 3, to state in part:
"... nor shall the provisions of this act apply or be construed to include attorneys-at-law, or a receiver, trustee in bankruptcy, executor, administrator or to any person or corporation selling real estate under the order of any court, or under the terms of a deed of trust."
It is significant that the amendatory language deleted the words "in any way" with regard to the exemption provided for attorneys.
In 1929, the statutory exemption was further expanded to include state banks, federal banks, savings banks and trust companies and insurance companies. Laws of 1929, c. 341, § 1. This amendment was obviously designed to enable these financial institutions to conduct their usual activities with regard to mortgages and other real estate encumbrances without running afoul of the provisions of the Real Estate License Act.
In the context of this legislative history, it is important to note that the exemption for attorneys has been grouped with those persons or institutions who by their very nature would be circumscribed in carrying out general real estate activities. For example, trustees, receivers and administrators are all authorized to carry out specific legal responsibilities under certain limited circumstances. Also, it cannot be reasonably assumed that the legislature intended to permit banking institutions and insurance companies to engage in real estate activities outside the scope of their legitimate functions as banking institutions and insurance companies. In the construction of a statute, the meaning of a doubtful phrase may be ascertained by consideration of the company in which it is found and the meaning of words which are associated with it. Boileau v. DeCecco, 125 N.J. Super. 263, 267 (App.Div. 1973), aff'd, 65 N.J. 234 (1974); Dept. of Health v. Sol Schnoll Dressed Poultry Co., 102 N.J. Super. 172, 177 (App.Div. 1968). Therefore, the scope of the exemption *185 provided for attorneys may be reasonably inferred from the nature of the exemptions pertinent to the other entities enumerated in the statute. The exemption for attorneys would be limited to those activities performed in carrying out their professional responsibilities in the practice of law.
Moreover, the exemption provisions of the Real Estate License Act should be interpreted consistent with the overall legislative purpose to regulate the real estate business in the public interest. It is well established that each part of a statute should be construed in a manner consistent with the principal legislative intent. State v. Bander, 56 N.J. 196, 201 (1970). In the event an attorney were permitted to engage freely and without restraint in all aspects of the real estate business a regulatory void would be created. For example, licensees must maintain and make available books of accounts and records of transactions for inspection by the Real Estate Commission. N.J.A.C. 11:5-1.13. A similar requirement is imposed by court rule on attorneys with regard to monies received in the practice of law. However, "[i]ncome received ... as a real estate agent... is not received from the practice of law and therefore should not be deposited in such business account." New Jersey Supreme Court Advisory Committee on Professional Ethics, Opinion No. 124. It should not be assumed that the legislature by its enactment of an exemption for attorneys intended to allow persons who happen to be attorneys to engage in the real estate business without being subject to regulation either by the Real Estate Commission or the Supreme Court of New Jersey. Rather, the more reasonable reading of the exemption was that attorneys would be exempt from regulation by the Real Estate Commission for activities which are within the practice of law and thus regulated by the Supreme Court.
In those jurisdictions where courts have found an unlimited exemption for attorneys to engage in the business of real estate, the statutory framework is significantly different from that found in N.J.S.A. 45:15-4. In Weinblatt v. Parkway-St. Johns Place Corp., [136 Misc. 743] 241 N.Y.S. 721, 722 (Supp.Ct. 1930), *186 aff'd [229 App.Div. 865] 243 N.Y.S. 810 (App.Div. 1930), a New York court found an unlimited exemption. The New York statute provided as follows:
"The provisions of this article shall not apply to receivers, referees, administrators, executors, guardians, or other persons appointed by or acting under the judgment or order of any court; or public officers while performing their official duties, or attorneys at law." N.Y. Real Property Law § 442-f (McKinney's 1968).
Unlike the New Jersey statute, the language of this enactment places limits on all of the enumerated categories other than attorneys at law. Similarly, in Kribbs v. Jackson [387 Pa. 611] 129 A.2d 490, 495 (Supp.Ct. 1957), a Pennsylvania court held that attorneys are exempted from licensure under their act. The Pennsylvania statute contains specific limiting language pertaining to all of its enumerated exempted persons and entities, except those regarding attorneys. 63 Pa.Stat. § 432(c).
Even where a statute provided no clear indication of the underlying legislative purpose, a Texas court has found the attorney exemption to be a limited one. In Sherman v. Bruton, 497 S.W.2d 316 (Tex.Civ.App. 1973), the court considered a statute which provided "nor shall this Act be construed to include in any way services rendered by an attorney at law." Notwithstanding that the statute did not contain specific limiting language regarding attorneys, as in fact it did regarding public officers or employees, the court stated:
"We do not understand this language to mean that an attorney, solely by virtue of his license to practice law, is authorized to engage generally in the business of a real estate broker.... We interpret the expression `services rendered by an attorney at law' to mean services rendered by a licensed attorney whose engagement for legal services has created the relationship of attorney and client. [citations omitted] If a lawyer is employed to render legal services, § 6(3) exempts him from the requirements of article 6573a, even though some of the services he renders as an attorney, such as negotiations for a sale or lease, would fall within the function of a real estate broker, as defined in Section 4 of that article." 497 S.W.2d at 321.
See also, Avent v. Stinnett, 513 S.W.2d 89, 94 (Tex.Civ.App. 1974).
Thus an unlimited exemption for attorneys has been found to exist only where the statutory language unequivocally demonstrates *187 a legislative purpose to permit it. We find no evidence of a legislative intent to allow for such an unlimited exemption from the New Jersey Real Estate Act.[*] [[*] In addition, it should be noted that although this provision for exemption was enacted so that attorneys would not be prohibited in the performance of their duties in the practice of law, the New Jersey Supreme Court has imposed independent limitations on the real estate activities of attorneys. The New Jersey Supreme Court Advisory Committee on Professional Ethics (hereinafter referred to as Supreme Court Committee) has concluded that an attorney may not serve as an attorney in connection with any transaction initiated by him as a real estate broker. Supreme Court Committee Opinion No. 312. The Supreme Court Committee has also specifically applied this prohibition to an attorney who is also a salesperson. Supreme Court Committee Opinion No. 411. Furthermore, Disciplinary Rule 2-102(D) expressly states:
"A lawyer who is engaged both in the practice of law and another profession or business shall not so indicate on his letterhead, office sign, or professional card, nor shall he identify himself as a lawyer in any publication in connection with his other profession or business."
Thus, an attorney engaged in the real estate business is required to divorce this business from the practice of law, and services rendered as a real estate broker or salesperson should be rendered in a nonlegal capacity. See, Supreme Court Committee Opinion No. 124.
It is not our purpose to delineate between real estate activities engaged in by a broker or salesperson and those activities engaged in by an attorney within the practice of law. The Supreme Court of New Jersey has been vested with jurisdiction over the regulation of the practice of law. Article 6, § 2, ¶ 3 of the 1947 New Jersey Constitution. Therefore, appropriate guidelines in this area may be provided by the Supreme Court or by its Advisory Committees.] Rather, a reading of the statutory language, along with its historical development, leads us to conclude that the legislature intended to immunize attorneys from the provisions of the Real Estate License Act only with respect to those activities encompassed by the practice of law.
*188 It is therefore our opinion that with the exception of those real estate activities carried out as part of their professional duties in the practice of law, attorneys are subject to the licensure requirements and regulatory provisions of the Real Estate License Act.[*] [[*] To the extent this opinion is inconsistent with informal advice given to the Real Estate Commission in 1971, that informal advice is overruled and superseded by this formal opinion.]
 Very truly yours,
 JOHN J. DEGNAN
 Attorney General
 By /s/ Elise Goldblat 
 Elise Goldblat
 Deputy Attorney General
We are not called upon to define the full scope of activity in the nature of a real estate broker that a licensed New Jersey attorney may conduct.[1] We are asked whether a New Jersey attorney is entitled to receive a license as a real estate broker issued pursuant to N.J.S.A. 45:15-1 et seq. simply because he has qualified to practice law in this state. The answer is no. If we look at the problem in literal terms, as appellant asks us to do, the Real Estate Commission cannot issue a license pursuant to the act to one who claims to be wholly exempt from the act. In other words, if appellant is wholly outside the act, he cannot claim a license pursuant to the act. What appellant seeks, in effect, is the status given to certain persons by the act without satisfying the two year apprenticeship requirements of N.J.S.A. 45:15-9 and N.J.A.C. 11:5-1.3(b), and without taking the examination required by N.J.S.A. 45:15-10. The act waives the apprenticeship requirements only for wounded or disabled war veterans, N.J.S.A. 45:15-11, and the Commission is authorized to waive the educational requirements if the applicant is a broker *189 licensed in another state or has previously been licensed as a broker in New Jersey. N.J.S.A. 45:15-10.2. (By regulation adopted pursuant to N.J.S.A. 45:15-10.2 the Commission has waived the educational requirements of N.J.S.A. 45:15-10.1 for New Jersey attorneys. N.J.A.C. 11:5-1.27(e)(4).) However, there is no provision for waiving the examination requirements of N.J.S.A. 45:15-10. Thus, appellant is not someone for whom the act waives or permits the waiver of the apprenticeship and examination requirements. His offer to comply with the law and regulations governing a licensed broker if he becomes licensed is immaterial. That appellant is outside the act for some purposes is not to say he can invoke the authority of the Commission pursuant to the act to grant him a license by waiving all licensing conditions.
The practical effect of N.J.S.A. 45:15-4, which exempts attorneys, receivers, executors, banks, insurance companies and certain others from the provisions of the act, is that, without being licensed as a real estate broker these persons and entities can lawfully offer for sale real estate owned by someone else and can lawfully perform some services normally performed by real estate brokers. The exemption does not mean that attorneys or banks can engage in the real estate brokerage business as such. Attorneys are licensed to practice law, not to engage in the real estate brokerage business. Banks are licensed to conduct the banking business. It could not have been the legislative purpose by the provisions of N.J.S.A. 45:15-4 to authorize attorneys, banks and insurance companies to engage generally in the real estate brokerage business. The purpose rather, was to authorize members of the exempt class to sell or rent real estate incidental to the normal practice of their profession or business. Cf. Kribbs v. Jackson, 387 Pa. 611, 619, 129 A.2d 490, 495 (Sup.Ct. 1957). But the exemption in N.J.S.A. 45:15-4 does not entitle attorneys to a license as a real estate broker. This interpretation gives N.J.S.A. 45:15-1 et seq. both a literal and a rational meaning. The practice of law is different from the real estate brokerage business. In our opinion the legislature did not *190 intend to authorize the Commission to issue licenses to that class of persons and entities made exempt from the act by N.J.S.A. 45:15-4.
Affirmed.
NOTES
[1] Nor do we intend to pass judgment on the opinions of the Supreme Court Advisory Committee on Professional Ethics referred to in the Attorney General's opinion.