The Honorable Tim Carmody State Representative, 16th District State Capitol, Room 175-W Topeka, Kansas 66612
Dear Representative Carmody:
As representative for the 16th district you request our opinion regarding whether a licensed attorney is also required to be licensed as a real estate broker or salesperson when retained by a Kansas corporation whose principal business is the acquisition of easements and rights-of-way for local governments.
To accomplish its corporate purpose company personnel engage in the negotiation and contracting for easements and rights-of-way for vaious units of local government. You inform us that the principals of the corporation, as well as several subcontractors engaged by the corporation, are licensed pursuant to the Kansas real estate brokers and salespersons license act, K.S.A. 58-3034 et seq. and amendments thereto. The corporation wishes to engage an attorney whose duties would also be negotiating and contracting for easements and rights-of-way on behalf of corporate clients. The attorney will be retained as a subcontractor, not an employee, of the company. In this context you ask whether an attorney is exempt from the license requirement of the real estate broker and salespersons act.
In order to lawfully conduct or engage in real estate brokerage transactions, Kansas law requires that a person be licensed as a broker, associate broker or salesperson. K.S.A. 1993 Supp. 58-3036. Brokerage transactions include negotiating the sale of any interest in real estate, such as an easement or right-of-way. K.S.A. 1993 Supp. 58-3035(f). Exemptions from this licensure requirement set forth in K.S.A. 1993 Supp. 58-3036 include "services rendered by an attorney licensed to practice in this state in performing such attorney's professional duties as an attorney." Since Kansas courts have not construed the meaning of this phrase, we are presented with an opportunity to explore its limitations, if any, for the first time.
Courts in a number of other states have been called upon to address the extent of similar "attorney exemptions", usually when payment of a fee or commission claimed by an attorney acting as a real estate broker was disputed or refused. In these cases the defense raised was a statute comparable to K.S.A. 1993 Supp. 58-3038(a) which states:
 ". . . no action shall be instituted or recovery be had in any court of this state by any person for compensation for any act or service, the performance of which requires a license under this act, unless such person was duly licensed under this act at the time of offering to perform any such act or service or procuring any promise to contract for the payment of compensation for any such contemplated act or service."
In these cases an attorney had completed some type of real estate brokerage transaction with an expectation of payment for services which was not forthcoming. A lawsuit for a fee or commission ensued in which the "client" claimed payment was not authorized or permitted under a statute similar to K.S.A. 1993 Supp. 58-3038(a) because the attorney was not licensed as a real estate broker or salesperson. These cases may be grouped into two classes: (1) those which by statutory language and/or court construction restricted or limited the "attorney exemption", and (2) those which by statutory language and/or court construction found the exemption to be unrestricted or unlimited.
Typical of the first class is Queen of Angels Hospital v Younger, 66 C.A.3d 359 (Ca. 1977) in which an attorney conducted negotiations, prepared documentation of a lease and performed other legal services in connection with execution of the lease. Under section 10133 of the California business and professions code, "services rendered by an attorney at law in performing his duties as such attorney at law" were exempted from the definition of a real estate broker and salesperson. While the court noted that an attorney acting in more than one capacity was "legal and professional dynamite," it nevertheless concluded that the attorney had rendered legal services to the hospital. Further, the court held:
 "These [services] were undoubtedly of such a nature that a layman would have been required to be a licensed real estate broker. Brandlin, however, was an attorney and, as such, came within the exception of section 10133, subdivision (c)." 66 C.A.2d at 375
In a similar vein the court in Spirito v. New Jersey, 434 A.2d 623
(N.J. 1981) had this to say about the New Jersey real estate brokers and salespersons licensing act which exempted "attorneys at law":
 "The practical effect of N.J.S.A. 45:15-4, which exempts attorneys, receivers, executors, banks, insurance companies and certain others from the provisions of the act, is that, without being licensed as a real estate broker these persons and entities can lawfully offer for sale real estate owned by someone else and can lawfully perform some services normally performed by real estate brokers. The exemption does not mean that attorneys or banks can engage in the real estate brokerage business as such. Attorneys are licensed to practice law, not to engage in the real estate brokerage business. Banks are licensed to conduct the banking business. It could not have been the legislative purpose by the provisions of N.J.S.A. 45:15-4 to authorize attorneys, banks and insurance companies to engage generally in the real estate brokerage business. The purpose rather, was to authorize members of the exempt class to sell or rent real estate incidental to the normal practice of their profession or business." 434 A.2d at 627-628
 Spirito was cited with approval in a subsequent attorney discipline case, In the Matter of Roth, 577 A.2d 490 (1990), which we particularly urge attorneys to read in relation to potential conflicts of interest which may arise if an attorney functions in a dual capacity, i.e. as as attorney and as a broker.
In Texas the real estate license act exempts "services rendered by an attorney at law." Civ. Stat. Ann., art. 6573a, sec. 6(3). That phrase was construed in Sherman v. Bruton, 497 S.W.2d 316 (Tx. 1973) as follows:
 "We do not understand this language to mean that an attorney, solely by virtue of his license to practice law, is authorized to engage generally in the business of a real estate broker. . . . We interpret the expression `services rendered by an attorney at law' to mean services rendered by a licensed attorney whose engagement for legal services has created the relationship of attorney and client."
497 S.W.2d at 321.
The court in Tobin v. Courshon, 155 So.2d 785 (Fla. 1963), expressing the same sentiment in more colorful language, stated it was "not impressed with the thought that lawyers may merrily engage in the real estate business" merely by virtue of a license to practice law. That court held:
 "The narrow avenue through which the lawyer, not licensed as a real estate broker or salesman, may enter the ambit of the real estate broker or salesman is the one of duty owed by him in the relationship of client and attorney."
155 So.2d at 787
In accord with the above cases are Suburban Home Mortgage Co. v.Hopwood, 70 N.E.2d 503 (Ohio 1946) (attorney exemption to real estate brokers license act has no application when attorney not acting as an attorney in any capacity for the sale of property); and AtlanticRichfield Co. v. Sybert, 441 A.2d 1079 (Md. 1982) (attorney negotiating contract for sale of real estate within "attorneys at law" exemption to real estate broker and salesman license act).
In only two states have courts found the "attorney exemption" unlimited. In New York the statutory exemption extends to "attorneys at law" in contrast to statutory limits placed on all other exempted categories. Based on the broad language of the statute the court inWeinblatt v. Parkway-St. Johns Place Corporation, 241 N.Y.S. 721 (N.Y. 1930), allowed the attorney the reasonable value of his services as a broker in securing a lesse for the defendant. In reaching its decision the court did not evaluate whether the attorney provided services which could also be classified as legal services. Rather the court was impressed with the relation of trust and confidence in which both brokers and attorneys participate in their respective callings. A later New York case, Application of Cianelli, 227 N.Y.S.2d 985 (N Y 1962) acknowledged the conclusion of the earlier decision without discussion.
The Pennsylvania real estate brokers license act also contains specific limiting language pertaining to all of its enumerated exempted persons and entities, except for the broad exemption for attorneys. In Kribbsv. Jackson, 129 A.2d 490 (Pa. 1957), the court found that attorneys, being specifically exempted, have a right as an incident of the legal profession to engage in the leasing of real estate.
The Kansas real estate brokers license act was first enacted in 1917 with an exclusion for "any attorney at law in the performance of the duties of any attorney at law." L. 1917, ch. 411, sec. 3. That language remained until a slight modification in 1980 caused it to read "services rendered by an attorney licensed to practice in this state in performing such attorney's professional duties as an attorney." L. 1980, ch. 164, sec. 4. Because the statutory language itself has been and remains limiting, we are of the opinion that the rationale of the New York and Pennsylvania courts would not be convincing in this state. Rather it is our opinion that the "attorney" exemption is limited to those professional activities which are encompassed within and incidental to the practice of law in the context of an attorney-client relationship.
We now turn to the question presented. In our opinion "negotiating and contracting" falls squarely within the practice of law whether in relation to divorce settlements, plea negotiating in criminal cases or an interest in real estate. See State ex rel Stephan v. Williams,246 Kan. 681 (1990). In addition, it appears to us that an attorney engaged by a company (whether hired as an employee or retained as an independent contractor) to act on behalf of a client of that company has an attorney-client relationship with that client which binds the attorney to a duty of good faith and fidelity. Phillips v. Carson, 240 Kan. 464
(1987) Accordingly such attorney's services are professional duties which fall within the exemption created by K.S.A. 1993 Supp. 58-3037(c).
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas