OPINION OF THE COURT
Herman Cahn, J.
On September 21, 1992, plaintiff’s motion for summary judgment was "marked off calendar” for its failure to appear *208 and defendant’s cross motion was submitted on default. On October 21, 1992, plaintiff moved to vacate the default. The court grants this motion, vacates the default, and will consider both motion and cross motion for summary judgment.
On June 7, 1990, plaintiff, S. Kornreich & Sons, Inc., doing business as Kornreich Insurance Services (Kornreich), entered into an agreement to split certain real estate commissions with Goldsmith Murphy, Inc., a licensed real estate broker. The agreement arose from the circumstance that Kornreich’s lease was expiring, and it arranged for Goldsmith Murphy, Inc., to negotiate its renewal. As part of said renewal, Goldsmith Murphy, Inc., was to be paid a brokerage fee by the owner of the space. Goldsmith Murphy, Inc. was to remit 65% of the total commission to Kornreich, and retain 35%.
After signing the agreement, Goldsmith refused to pay the agreed portion of the commission to Kornreich on the grounds that Kornreich is not a licensed real estate broker.
Pursuant to section 442-d of the Real Property Law, "No * * * corporation shall bring or maintain an action in any court of this state for the recovery of compensation for services rendered * * * in the buying * * * renting * * * a loan upon any real estate without alleging and proving that such [corporation] was a duly licensed real estate broker * * * on the date when the alleged cause of action arose.” (Real Estate Multiple Listing Exch. v Rubin, 7 Misc 2d 194; Brandenburger & Marx v Heimberg, 34 NYS2d 935.)
It is argued that James D. Kornreich, executive vice-president of Kornreich Insurance Services is an attorney and therefore, could have recovered the brokerage commission as an attorney, without being licensed as a real estate broker. (Real Property Law § 442-f.) However the exemption of attorneys from the provisions of the statute is personal to the attorney. Here, Kornreich is a corporation. It may not perform the functions of a real estate broker, or be paid for them, unless it is licensed. (Real Property Law § 442-d.) Kornreich never obtained a license, and the fact that one of its officers is an attorney who may collect a brokerage fee does not constitute its being licensed.
Accordingly the motion is denied and the cross motion for summary judgment is granted.